Joseph F. CIRAVOLO, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6921.

United States Court of Appeals
First Circuit.

Heard Sept. 12, 1967.

Decided Oct. 20, 1967.

Ira L. Schreiber, Providence, R. I., for appellant.

William J. Gearon, Asst. U. S. Atty., with whom Edward P. Gallogly, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This case presents questions on the issue of impeachment. The defendant was convicted of transporting a stolen automobile in interstate commerce with knowledge that it was stolen. 18 U.S.C. § 2312. The factual dispute was narrow. Having rented a car in Boston, the defendant drove it to Rhode Island the following day, where, concededly, he wrongfully sold it. The sole question was whether he formed the intent to convert before or after crossing the state line.* He took the stand, and testified that his intent arose only afterwards.

On cross-examination the defendant was asked the following question.

"Are you the same Joseph Frank Ciravolo that on August 13, 1965, at Newark, New Jersey, received a one-year suspended sentence and probation for two years and a fine of $104 on a charge of obtaining a motor vehicle with the intent to defraud the owner?"

The government offered no certified record as a foundation for this question. At the argument before us it produced a certified copy, which we shall subsequently refer to, and candidly conceded that it had none at the time of the trial,

---

* On this appeal defendant contends the evidence could not support a finding that he had formed the intent before cross-ing, so that an acquittal should have been ordered. We find no merit in this contention.

but only an FBI report. The defendant replied to the question in the negative. He then added that he was "arrested, not for obtaining a car to defraud the owner. I was arrested as a disorderly person because the car was not returned at the time it was said it was supposed to be returned, and it was returned. The charge was reduced to disorderly person because I didn't return the car on time." Over defendant's objection the government pursued the inquiry.

Q. "The charge was reduced to what, please?"

A. "Disorderly person."

Q. "And you received a one-year suspended sentence?"

A. "Yes, sir."

There was no further identification of the charge upon which defendant was convicted, and no evidence of any other convictions. Thereafter the court charged the jury that it might take into consideration, in appraising the defendant's veracity, a "previous conviction of a felony."

■ The certified record which we received at the oral argument without objection discloses that the defendant was charged in the state of New Jersey with "Car Rental Fraud—Amended to 2A–170–45," to which he pleaded guilty and received the one-year suspended sentence and fine to which he testified. Examination of the New Jersey statutes, as the government now freely concedes, discloses that the amended charge was a misdemeanor. A misdemeanor conviction, unlike a felony conviction, is not admissible to effect credibility unless the particular offense has a direct bearing upon truth or veracity. Solomon v. United States, 1 Cir., 1924, 297 F. 82; United States v. Montgomery, 3 Cir., 1942, 126 F.2d 151, cert. denied 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754; cf. Scaffidi v. United States, 1 Cir., 1930, 37 F.2d 203; Salgado v. United States, 1 Cir., 1960, 278 F.2d 830. While we may assume that obtaining an automobile with intent not to pay the charges suggests "dishonesty or false statement" impugning credibility, see Uniform Rules of Evidence, rule 21,

not returning a car on time does not. This was all the record showed. Even if we were to accept the now proferred certified record of conviction to show that defendant undercharacterized his offense and there was no error in fact, it remains that the jury was erroneously instructed that it could find he had been convicted of a felony, which seems to us highly prejudicial. We must hold the record to be beyond repair.

■ We cannot leave this case without remarking that to ask a defendant whether he has had criminal convictions, without possessing a certified copy of the record, is fraught with possibilities of error beyond those that occurred here. We would be slow to find that any such error was not prejudicial. See, e.g., Pearson v. United States, 6 Cir., 1951, 192 F.2d 681, 697–699; United States v. Nettl, 3 Cir., 1941, 121 F.2d 927; cf. United States v. Haskell, 2 Cir., 1964, 327 F.2d 281, cert. denied 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307.

The judgment of the District Court is vacated, the verdict set aside, and the case remanded for a new trial not inconsistent herewith.