Donald K. **TORBETT**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14623.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Donald K. Torbett, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Operating a Motor Vehicle While Under the Influence

of Intoxicating Liquor. From the judgment and sentence rendered against him in the Court of Common Pleas of Oklahoma County, assessing his punishment at 10 days imprisonment in the county jail, a fine of $200.00 and costs, a timely appeal has been perfected to this Court.

We deem it unnecessary to set forth the testimony as it appears in the record, suffice it to say that the only witnesses appearing in the trial were the highway patrolman and the defendant, and their testimony relative to the question of intoxication was in sharp conflict.

The sole question presented on appeal is that the trial court, over the objection of counsel for defense, allowed the prosecuting attorney to elicit from the defendant an admission that he had previously forfeited a bond in the Municipal Court of Midwest City.

Title 12, O.S. § 381, is as follows:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; *but such interest or conviction may be shown for the purpose of affecting his credibility.*" [Emphasis added]

The State relies on Le Blanc v. State, 95 Okl.Cr. 280, 245 P.2d 134, where, in the body of the opinion, this Court in construing this statute, had this to say:

"The defendant's third contention is that the trial court erred in permitting the county attorney to show on cross examination of defendant, prior municipal court bond forfeitures in other liquor charges lodged against the defendant in the city court. The defendant contends the record would have been the best evidence thereof. Such is not the case on cross examination of defendant concerning a matter within his personal knowledge. The defendant admitted she posted bonds for liquor violations and forfeited them in the municipal court. Having taken the stand in her own behalf she came within the rule of Storer

v. State, 84 Okl.Cr. 176, 180 P.2d 202, 207, as follows:

'A defendant by availing himself of the privilege of testifying in his own behalf thus waives his constitutional privilege of remaining silent and has all the rights and is subject to the same rules of cross-examination and impeachment as other witnesses.

'The statute, 12 O.S.1941 § 381, permits proof of a prior conviction of the defendant in a criminal case for the purpose of affecting his credibility as a witness. This proof may be made either by the record or on cross-examination of the defendant.'

"Such inquiry went to her credibility as a witness. Moreover in Chambless v. State, 90 Okl.Cr. 423, 214 P.2d 947, and Wheatley v. State, 77 Okl.Cr. 122, 139 P.2d 809, we held that the defendant may be interrogated on cross examination as to police court convictions for alleged possession of whiskey, for the reason, such offenses constituted offenses under state law, and such convictions go to the witness' credibility. We are of the opinion that, where as herein, the police court bond forfeitures were deliberately made, in cases involving unlawful possession of intoxicating liquor, such are tantamount to a plea of guilty and should be so regarded. Hence the cross examination relative to the same is not improper as going to the witness' credibility. Moreover, the cross examination herein involved could not have been prejudicial to the defendant in face of her admission of guilty as charged in the information, and in view of Title 22, § 1068, O.S.1951, since the said evidence could not have resulted in a miscarriage of justice. Furthermore, her defense is too weak to remove her from the provisions of Title 37, § 82, O.S.1951, in substance, providing that the keeping 'in excess of one quart of any spirituous, [etc.] liquors * * * in or about his place of business or his residence * * shall be prima facie evidence of an

intention to convey, sell or otherwise dispose of such liquors * * *.' "

This case was cited with approval in Fox v. State, Okl.Cr., 331 P.2d 964 and similar holdings may be found in Storer v. State, 84 Okl.Cr. 176, 180 P.2d 202; Chambless v. State, supra and Wheatley v. State, supra.

█ While we are of the opinion that the Court's decision affirming the conviction in Le Blanc v. State, supra, was correct, we are constrained to think that in the light of the overwhelming guilt of the defendant, as reflected by the record in that case, the Court should have recognized that while it was error to allow the prosecutor to elicit from the defendant testimony relating to prior bond forfeitures in Municipal Court, such error was not so prejudicial as to require a reversal. We do not believe that a bond forfeiture, intentional or otherwise, in Municipal Court, is tantamount to a conviction. A bond forfeiture is by its very nature a civil proceeding and does not terminate the criminal proceedings pending against the accused. A person forfeiting a bond is subject to arrest on a bench warrant and may be placed on trial notwithstanding the forfeiture. His trial may result in a conviction or acquittal and it is only when the defendant has been convicted, or acquitted, that the proceeding against him is terminated and final unless it is dismissed at the request of the prosecutor or by order of the court.

█ Whether or not the erroneous admission of this evidence during the cross-examination of the defendant would require a reversal must depend on the facts of each particular case. In a case where the evidence of the defendant's guilt is overwhelming, the admission of such testimony should not constitute reversible error, but where, as in the instant case, there is a sharp conflict in the evidence and but one witness testifies for the State and one for the defense, the admission of such evidence undoubtedly resulted in the jury's determination that the defendant, and not the officer, was lying.

We are of the opinion, and therefore hold, that the judgment and sentence appealed from should be, and the same is hereby, reversed and remanded for a new trial, and all previous decisions of this Court in conflict with this opinion, are hereby expressly overruled. Reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.