Thomas Fletcher SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14155.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

. Hamilton & Carson, Oklahoma City, for
plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L.
Owens, Asst. Atty. Gen., for defendant in
error.

BRETT, Presiding Judge:

Plaintiff in Error, Thomas Fletcher Smith, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County with the crime of Possession of Marijuana, and sentenced to Seven Years in the Penitentiary. From the record, it appears the defendant left Sussy's Restaurant on N. E. 23rd Street, at approximately 4:30 in the morning in the company of Linda Phillips, a waitress at the restaurant, and one, George Coleman. Coleman was driving Linda home after work, and agreed to give the defendant a ride home also. While traveling east on N. E. 23rd Street, Coleman initiated his turn off of 23rd Street—to take Linda home—but changed his mind, and decided to drop the defendant off first. In doing so, he apparently crossed the center line of the street and then crossed back again continuing in the direction he was traveling. Two scout car officers of the Oklahoma City Police Department were traveling behind Coleman's car; and, when he crossed the center line of the street, they turned on their red light and proceeded to stop the car for this traffic violation.

After one of the officers gave Coleman a citation for the traffic violation, the other two occupants of the car were ordered to get out of the car and were placed in the custody of the other officer. Then Officer Booth searched the car. He went to the right hand side of Coleman's automobile and looked under the seat and removed a brown paper bag which contained cigarette papers and some leafy substance, which the officers thought to be marijuana, so they placed all three persons under arrest. Initially all three persons were charged with the offense of possession of marijuana, but the charges against George Coleman and Linda Phillips were dismissed at the conclusion of the preliminary hearing.

The defendant was bound over to stand trial in the district court. He was tried by a jury which found him guilty and assessed his punishment at seven years confinement in the penitentiary. At about 5:15 P.M. the first day of the trial, after having considered their verdict for about an hour and fifty-five minutes, the jury returned to the courtroom and reported that they were deadlocked at seven to five, and had not reached a verdict. Due to the hour, and upon agreement of the parties, the jury was excused for the night, and returned the next morning at 9:00 A.M. to consider their verdict further. At about 9:55 A.M. the jury reached its verdict. Judgment and sentence was passed three days later, and from that judgment and sentence defendant perfected this appeal.

Defendant offers several complaints concerning his trial, but it will not be necessary to discuss them all. The significant errors cited concern the prosecutor's attempt to impeach defendant's testimony, by making reference to certain charges which had been made against him in municipal court; and the trial court's instruction no. 8, which instructed on "other offenses."

■ The defendant took the witness stand in his own defense, and during cross-examination the prosecutor, Miss Joan Smith, who was an assistant county attorney at that time, persisted in interrogating the defendant relative to his having been fined $20.00 in the Oklahoma City Municipal Court on a charge of consorting with a prostitute; and also with having forfeited a $20.00 bond in that court on an alleged charge of obtaining merchandise under false pretenses. To each question the defendant gave his denial, but the prosecutor continued her inquiry over defense counsel's objections without offering any proof whatsoever. The record reflects also that the prosecutor did not, at any time, offer any testimony or evidence to rebut the defendant's denials. The record does reflect, however, that the defendant volunteered the fact that some ten years earlier he had been charged with disorderly conduct in the municipal court, but there was no admission or proof that he had been convicted on that charge either. Consequently, as we view the record, there was no testimony or evidence whatsoever offered to prove that the defendant had been

convicted of any other offense. Likewise, there seems to have been no reason for the prosecutor's improper cross-examination of the defendant except to create prejudice in the minds of the jury. The sixteenth paragraph to the syllabus to Davis v. State, Okl.Cr., 413 P.2d 920 (1966) provides:

"Repeated asking of incompetent questions which clearly have for their purpose intimation of something to jury that is either not true or not capable of being proved if true, is wrong, and such conduct of counsel is not cured because court sustains objections to the question."

We observe also the fourth headnote to Ciravolo v. United States, U.S. Court of Appeals, First Circuit, 384 F.2d 54 (1967) also provides:

"To ask a defendant whether he has had criminal convictions without prosecution's possessing a certified copy of the record is fraught with possibilities of error, and reviewing court should be slow to find that any such error is not prejudicial."

■ ■ While it is proper cross-examination of a defendant, who takes the witness stand in his own defense, to go into collateral matters for impeachment purposes, the prosecutor is bound by the defendant's answers and they are conclusive unless the prosecutor can prove them to be otherwise. However, notwithstanding the fact that the prosecution has great latitude in cross-examination, there are limits to which it is permitted to go. And, when it clearly appears that the questions asked create prejudice in the minds of the jury, the limits of proper cross-examination have been exceeded. See: Davis v. State, supra; and, Wharton's Criminal Evidence, 12th Edition, Volume 3, §§ 860 and 866, cited therein.

■ ■ We are of the opinion in the instant case the limits of proper cross-examination were exceeded, especially concerning the prosecutor's interrogation of defendant's forfeiture of bonds in the municipal court. See, Torbett v. State, Okl.Cr., 449 P.2d 725 (1969).

■ Considering that the highly prejudicial cross-examination of the defendant was the only basis for the trial court's giving instruction no. 8 and, also, that the record does not otherwise support that instruction, we must agree with defendant's contention that it was error—under the circumstances of this case—to instruct the jury concerning other convictions. See, Jackson v. State, Okl.Cr., 308 P.2d 323 (1957), at 328 [5].

Likewise, insofar as the question of "possession" in this case is most vital; and, considering the fact of possession in the instant case appears to be a very close question, which should have been determined by the jury without being subjected to undue prejudice, we are compelled to reverse this case.

Therefore, for the reasons stated herein, without discussing defendant's other contentions of error, this case is reversed.

BUSSEY, J., concurs.