**Melvin Leroy MAHLER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14624.**

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, Melvin Leroy Mahler, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Concealing Stolen Property, After Former Conviction of a Felony. He was tried by a jury, represented by counsel of his own choice, found guilty, and his punishment assessed at Seven Years in the penitentiary. [Judgment and sentence May 23, 1967] The District Court of Oklahoma County directed preparation of casemade at public expense for appeal, and on February 22, 1968, this Court granted defendant Post-Conviction Appeal by order of Judge Tom Brett. The District Court appointed the Public Defender, Don Anderson, to represent defendant on appeal.

A thorough review of the transcript reveals numerous errors in the admission of incompetent testimony. This Court is of the opinion that the introduction of said evidence kept defendant from having a fair and impartial trial. For instance, it was revealed that Officer Gregory had referred to the defendant as a "thieving little bastard". The County Attorney asked the following questions:

"Q. Now, then, counsel asked you about the statement that you made out in the hall concerning your opinion of this man. Do you have a reason for having that opinion?

A. Yes, sir.

Q. Is that based upon information that you had concerning his past?

A. Yes, sir.

Q. And that is your correct opinion of him, is that correct?

A. Sir, that is my honest opinion."

This testimony was improper and prejudicial and had no place in the trial of this lawsuit.

Again on page 293 of the transcript, when the County Attorney was asking defendant about his girlfriend:

"Q. Well, I will ask you if you were not arrested with her on November 25?

A. November 25th?

Q. When you were arrested on this charge.

A. Oh, she was in the car and her two kids.

Q. She was in the car with you at that time, is that correct?

A. Yes.

Q. Now, then, I will ask you if prior to November the 18th, 1966, if you wasn't arrested with her?

A. When? Yes, I was at her house fixing my automobile with the busted hose.

Q. I will ask you if on one of the occasions, November 25th, when you were arrested, if you didn't tell the detective at the Oklahoma City Police Department that she was prostituting and that you was pimping for her?

A. No, I did not tell that."

The evidence of other arrests is wholly improper. Defendant denied pimping, and the county attorney made no effort to prove by the police record that the girl was involved in prostitution. This has been consistently held to constitute error. Again, at page 295, where the county attorney was asking defendant where he had left his car:

"Q. You parked your car in front of Evelyn Faulk's house, is that correct?

A. Just around the corner.

Q. And you lived there for a few days, did you not?

A. I did not."

No effort was made on the part of the State to refute defendant's negative answers, yet they left the inference that defendant was living with a prostitute. This Court held in Smith v. State, Okl. Cr., 453 P.2d 307:

"Repeated asking of incompetent questions, which clearly have for their purpose intimation of something to jury that is either not true or not capable of being proved if true, is wrong, and such conduct of counsel is not cured because court sustains objections to the questions."

Again, on page 305, the county attorney was inquiring as to a charge being dismissed against the defendant, as follows:

"Q. What was this *charge* that you were *charged* with that was *dismissed*? (emphasis ours)

A. Possession of paraphernalia.

Q. What do you mean paraphernalia? What do you mean?

A. I didn't even see exactly what they found.

Q. You know what you was *charged* with, don't you? (emphasis ours)

A. Yes.

Q. It was possession of narcotic paraphernalia, wasn't it?

A. That is what I said, it was in this girl's house.

Q. Just answer the question. That is what you were charged with, isn't it?

A. Yes, that's true.

Q. And that has been since you got out of the penitentiary?

A. Yes. * * *

* * * Q. The other one that he talked about here was possession of amphetamine, wasn't it?"

Any attorney who possesses a smattering knowledge of the law knows that it is inadmissible to prove charges have been filed against a defendant when said charges result in a conviction. In the instant case, the charges were dismissed and the evidence was already inadmissible and highly prejudicial.

Again, on page 331, Officer Acox was testifying as to defendant's activities while being interrogated by the county attorney:

"Mr. Acox, I will ask you if prior to November 7th, 1966, if you knew Mr. Mahler?

A. Yes, sir.

Q. Prior to that time, and after May, 1966, did you at any time advise Mr. Mahler or request Mr. Mahler to return to his activities as a narcotics addict?

A. No, the first time I saw him after May, *he was already involved in narcotics.*"

From a review of the record, it is difficult to determine for what defendant was being tried. There was so much evidence with reference to narcotics, one would think this was a narcotics trial instead of receiving stolen property. It would be impossible for defendant to have such a fair trial as guaranteed him by the Constitution with all the incompetent evidence before the jury.

For the above and foregoing reasons, this cause should be reversed. However, in the instant cause, due to the length of time defendant has been incarcerated, this Court is of the opinion that justice will be better served if the sentence herein is modified to time served, and as modified otherwise, affirmed.

It is so ordered.

BRETT, P. J., and BUSSEY, J., concur.