**252**

**UNITED STATES of America,
Plaintiff,**

v.

**Russell Eugene GOBER, Defendant.**

**Crim. No. 70-200.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

July 6, 1971.

James Peters, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Irving Faught, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

By its verdict a jury in this Court convicted the above Defendant of violating 18 U.S.C. § 2312 (Dyer Act).

Defendant now moves for a Judgment of Acquittal pursuant to Rule 29, F.R. Cr.P., asserting in the Motion, (1) that the Government failed to prove Defendant's guilt beyond a reasonable doubt, and (2) that no direct evidence of the interstate transportation of the vehicle by the Defendant with knowledge by him that it was stolen was introduced by the Government.

In considering such Motion the Court must determine whether there is substantial evidence upon which the jury might reasonably base a verdict of guilt beyond a reasonable doubt and in this connection the Court must consider the evidence in the light most favorable to the Government together with any inferences which may reasonably be drawn from the facts. United States v. Harris,

et al., 441 F.2d 1333 (Tenth Cir. 1971); Speers v. United States, 387 F.2d 698 (Tenth Cir. 1967) cert. den. Sidary v. United States, 391 U.S. 956, 88 S.Ct. 1864, 20 L.Ed.2d 871. It is, of course, fundamental that a criminal offense may be proven beyond a reasonable doubt by circumstantial evidence and that direct evidence of the essential elements of a crime is not necessary. Federal Jury Practice and Instructions, Devitt & Blackmar, Vol. 1 § 11.02 at pages 208–210; Thomas v. United States, 409 F.2d 730 (Tenth Cir. 1969). Our Circuit follows the rule that, "Circumstantial evidence need not conclusively exclude every other reasonable hypothesis, nor negative all possibilities, except guilt." Barton v. United States, 407 F.2d 1155 at page 1158 (Tenth Cir. 1969).

The evidence in the case reveals that the automobile involved belonged to one Douglas Devore, of Los Angeles, California, who had lent the same to his daughter, Diane Devore. On January 16, 1970 the Defendant and one Jack Whitehead and Defendant's brother were drinking at the home of Whitehead's sister in Riverside, California. The Defendant suggested that Whitehead borrow the car involved from Diane Devore who was Whitehead's girlfriend. Whitehead did this and then turned the keys to the Defendant who drove the car across town to cash a check. Whitehead went along with the Defendant driving the vehicle. Upon returning to the home of Whitehead's sister in Riverside Whitehead demanded the keys from the Defendant but this demand was refused. Whitehead became sick and passed out in a room in his sister's house. The Defendant had been staying there and had clothes and personal belongings in the house. Upon waking in approximately one hour Whitehead discovered the Defendant was gone, the car was gone and the Defendant's clothes and personal belongings had been removed from his sister's house. Whitehead testified that he had not authorized the Defendant to take the car after their return from cashing the check and that the Defendant had told him on or prior to January 16th that he desired to go to Oklahoma City, Oklahoma or Kansas City, Missouri, or Las Vegas, Nevada to secure employment. Whitehead promptly notified the police that the car had been stolen. Mr. Craig Davis of Oklahoma City connected with Action Employees, Incorporated testified that on January 19, 1970 he sent the Defendant out from his company for employment at Sears Warehouse at 1825 N. Walnut in Oklahoma City. Further that on January 21, 1970 he sent the Defendant out for employment as a furniture line driver. This witness refreshed his memory in connection with this testimony by perusing his office records kept by him. On January 22, 1970 an officer of the Oklahoma City Police Department found the Devore automobile at 700 S.W. 3rd Street in Oklahoma City, Oklahoma. The car had been abandoned.

The Court finds and concludes that the foregoing evidence is substantial and sufficient to sustain the jury verdict of Defendant's guilt beyond a reasonable doubt. Though the evidence is circumstantial to a large extent the circumstances outlined present an exceptionally strong case that the Defendant took the Devore car without permission, intended to deprive the owner thereof of the rights and benefits of ownership, transported the same from California to Oklahoma and was in Oklahoma City where and when the car was found abandoned. This is a strong chain of circumstances indicating beyond a reasonable doubt that the Defendant was guilty of the offense as charged. Cunningham v. United States, 272 F.2d 791 (Fourth Cir. 1959).

■■■ Defendant also complains that certain records used by witness Davis to refresh his memory respecting Defendant's employment in Oklahoma City on January 19 and 21, 1970 were not offered in evidence. In situations like this the rule is that such records could not have been offered in evidence by Plaintiff, unless as business records under 28 U.S.C.A. § 1732. A witness may

refresh his memory from records, memos or documents and where he does so the party offering such witness' testimony may not offer the same in evidence unless they are business records as above mentioned, but the opposing party has the right to demand them and may offer them as evidence upon cross examination. III Wigmore, § 763, pp. 141–144. This rule obtains in this Circuit. Markel Service, Inc. v. National Farm Lines, 426 F.2d 1123 (Tenth Cir. 1970). The reason for the rule is that the testimony of the witness, and not the records, is the primary evidence. III Wigmore, § 763, p. 141. Defendant examined the records but did not avail himself of the privilege of offering them as evidence. The Plaintiff did not offer the records in evidence as the witness on direct examination testified that he sent the Defendant out on the two jobs and did not refer to the records even though he had them before him apparently as a refresher as to dates and employers. In addition, the witness identified the Defendant in Court as the person to which his testimony and the records referred and recalled seeing the Defendant in his office. No error is seen in this regard.