Jon Robert FLYNT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17758.

Court of Criminal Appeals of Oklahoma.

March 6, 1973.

Rehearing Denied March 22, 1973.

John B. Doolin, Newcombe, Redman & Doolin, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Jon Robert Flynt, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County, Case No. CRM–72–327, for the crime of Driving While Under the Influence of Intoxicants. He was sentenced to serve a term of ten (10) days in the County Jail, and pay a fine of One Hundred Dollars ($100.00), in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated, the facts are: The defendant was stopped on March 21, 1972, in Comanche County for Driving While Under the Influence of Intoxicants. The arresting officer, Officer Weeks, asked the defendant to walk a line along the shoulder of the road where the defendant was stopped.

Officer Weeks then handcuffed the defendant and placed him in the police car. At that time the Officer advised the defendant of his Miranda rights, and informed him that he was required to submit to a chemical test to determine the level of alcohol in his blood. He also advised the defendant that he could refuse to take the test and as a result, he would lose his driver's license for six months.

At this time, there was some testimony by the defendant that he expressed his desire to have his attorney present. Defendant then consented to take a breath test.

Defendant was convicted on June 7, 1972 of Driving While Under the Influence of Intoxicants and sentenced to ten (10) days in the County Jail and to pay a fine of One Hundred Dollars ($100.00).

It is first contended on appeal that defendant must be advised of his right to refuse to take either the blood test or the breath test. Defendant himself testified that he was advised by the trooper of his right to refuse the test.

In Spencer v. State, Okl.Cr., 404 P.2d 46 (1965), we held that motion pictures of the

defendant performing an alcohol influence test were not permissible as evidence because the pictures were taken without defendant's knowledge or consent. In the case at bar, defendant was advised of his right to refuse the test but consented to take the breath test. The evidence obtained by this test is not excludable under the doctrine of the *Spencer* case since it was obtained with the defendant's consent.

In Bailey v. City of Tulsa, Okl.Cr., 491 P.2d 316 (1971), we upheld the constitutionality of the Implied Consent statutes, 47 O.S.1971, §§ 751–760, when we held that driving was a privilege and the loss of that privilege as a result of refusing to take the blood or breath test did not compel the motorist to incriminate himself.

The constitutionality of these statutes was further affirmed in Robertson v. State ex rel. Lester, Okl., 501 P.2d 1099 (1972), when the Court held that a conscious motorist arrested for appearing to be operating a motor vehicle while under the influence of intoxicants is offered a choice of taking one of the tests or refusing. The Court stated that no test may be taken by force but one who refuses must pay for that refusal by possibly having to give up his privilege to drive.

■ Here the defendant, a conscious motorist, was given the choice of taking one of the tests or of refusing. Defendant chose to take voluntarily the test. No constitutional right of the defendant has been infringed by giving the breath tests.

■ Defendant's second contention is that he was not properly given his Miranda warnings (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). The officer testified that the defendant was advised of his Miranda rights approximately five minutes after he was stopped. The defendant testified that the Miranda warnings were given to him by the officer.

The defendant complains that in the five minutes between the time he was stopped and the time he was advised of his rights, his right against self-incrimination was violated by having to walk a straight line along the edge of the road.

In the *Spencer* case, *supra,* we held that in Oklahoma, the right against self-incrimination includes not only oral testimony but any evidence obtained without the consent of the defendant. However, we have held that fingerprints, Campbell v. State, Okl. Cr., 493 P.2d 1126 (1972), and handwriting exemplars, Stott v. State, Okl.Cr., 494 P.2d 678 (1972), are outside of the protection offered by Miranda. Having the defendant attempt to walk a straight line beside his car prior to being arrested is no different from requiring the defendant to give a handwriting sample.

We held in Fritts v. State, Okl.Cr., 443 P.2d 122 (1968), that statements made by a motorist to an officer while standing beside the motorist's car after being stopped for operating a motor vehicle while intoxicated were not made in a coercive, unfamiliar atmosphere and hence were not covered by Miranda, *supra.*

We do not find that in the five minute interval before being given the Miranda warnings that any of the defendant's constitutional rights were violated.

Defendant lastly contends that there is a right to consult with an attorney prior to electing whether or not to take one of the chemical tests for blood alcohol level. This is a proposition which has not been clearly dealt with in Oklahoma before.

In Robertson v. State ex rel. Lester, *supra,* an appeal from an administrative hearing suspending defendant's driver's license after he refused a blood-alcohol test, the court held that there was no right in that instance to the presence of counsel since the Sixth Amendment right to counsel is limited to criminal proceedings and

the case in question was administrative. This is not directly in point with the instant case since here the defendant took the test and it resulted in a criminal proceeding.

The Supreme Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), implied that there was no right to counsel in deciding whether or not to take a chemical test to determine the amount of alcohol in the blood.

The Supreme Court reinforced this view in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), when they said in dicta:

"The denial of a right to have his counsel present at such analyses [scientific analyzing of accused fingerprints, blood sample, clothing, hair, and the like] does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial."

■ We must agree. Because of the relative rapidity with which the body rids itself of alcohol, it is not feasible to require law enforcement authorities to wait until the defendant's attorney arrives and a decision is reached to administer the test. Whether or not to consent to the test is a simple decision, not requiring legal knowledge, but simply a "yes" or "no" answer. We hold that there is no right to the presence of an attorney in deciding whether or not to submit to the alcohol-blood level test. None of defendant's rights were violated by not allowing him to have an attorney present when he decided to submit to the breath test.

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY and BRETT, JJ., concur.