**Albert BOOTH, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57486.**

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

———◆———

Joseph H. Weyhrich, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Presiding Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court overruling his motion to vacate filed pursuant to Rule 27.26, V.A.M.R. We have jurisdiction since the appeal was taken prior to January 1, 1972. We affirm.

Defendant was convicted of murder in the second degree in the killing of James Bailey. He had shot deceased several times, at about 3 o'clock a. m., on January 11, 1965. The shooting had taken place in a small room; seven men were present at the time of the shooting. The principal witness for the State was Robert Vaughn, a close friend of deceased. Both were heroin addicts.

Under the provisions of § 556.280 RSMo 1959, V.A.M.S., the trial court had fixed defendant's punishment at life imprisonment. Defendant duly appealed and the judgment was affirmed. See State v. Booth, 423 S.W.2d 820 (Mo.1968). The only point raised on the original appeal was whether the testimony of Vaughn constituted substantial evidence in view of the fact that he was a heroin addict and was under the influence of the drug at the time he witnessed the killing. A complete statement of facts appears in the opinion in the case above cited.

The defendant's motion to vacate was filed May 26, 1971. The only allegations therein that were urged in the trial court and here are:

"8(b) The testimony of said Robert Vaughn at movant's trial was false and perjured to the knowledge of the State. Said Robert Vaughn was under the influence of narcotics when he purportedly witnessed the crime and when he testified, and he was not a competent witness.

"8(c) The circuit attorney's comments and allusions to crimes other than the one for which movant was charged during the course of the trial and his closing argument were so inflammatory and prejudicial as to deny movant a fair and impartial trial.

"8(g) Ineffective assistance of his counsel because of his failure to call Earl Davis as a witness."

At the hearing of the motion defendant testified that he and Earl Davis were each charged with the murder of Bailey; that they were both represented by the same attorney; that Davis "was going to testify * * * that the deceased had a gun"; that he asked his lawyer to call Davis as a witness but he did not do so.

The charge against Davis was nolle prossed by the State subsequent to defendant's trial.

Vaughn also testified for defendant. He stated that he was now serving 4-year and 2-year consecutive sentences for stealing; that he was a heavy drug user at the time of the shooting; that he had not used drugs for two years before this hearing; that because of his use of drugs and having taken a shot 15 minutes before the shooting, and because he had only been "off" drugs four months before the trial, he "didn't believe that he told the truth at the trial"; that he could not now remember what took place at the time of the shooting.

Neither Davis nor defendant's trial attorney was called as a witness.

In overruling the motion the trial court made findings as follows:

"That the testimony of Robert Vaughn at the hearing on the motion in which he stated that he did not believe he told the truth at the original trial is not credible and is not believed by this court; that the allegation that Robert Vaughn was under the influence of narcotics when he purportedly witnessed the crime and when he testified, and that he was not a competent witness, is a matter ruled on by the Supreme Court on appeal and cannot be considered in this collateral proceeding; * * * that the failure of the attorney for the movant to call as a witness in his original trial Earl Davis in support of movant's theory of self-defense was a matter of trial strategy and

did not violate any of movant's constitutional rights. Earl Davis was indicted along with movant for the murder of James Bailey. Bailey was the victim of the crime for which movant was convicted. Mr. Morris Hatchett, attorney for movant and Earl Davis, was an experienced criminal trial lawyer. He was employed by movant to defend him and whether to use Earl Davis as a witness for movant was a judgment which Mr. Hatchett had to make."

Defendant's first point is that his attorney "was subject to a conflict of interest and appellant was denied his constitutional right to counsel." This contention is based upon the fact that defendant's attorney also represented Earl Davis who was separately charged with the same offense. The alleged conflict seems to be based upon the fact that the attorney failed to call Davis as a witness although requested by defendant to do so. Defendant says Davis would have testified that deceased had a gun.

■■■ We have concluded that the trial court did not err in failing to sustain the motion on this ground. Since defendant did not call the attorney as a witness there is no proof as to why Davis was not called. It may be that it was a matter of trial strategy, or, Davis may have indicated to Mr. Hatchett that he would claim his constitutional right not to testify. At any rate, there is no proof of a conflict of interest. See Mason v. State, 468 S.W.2d 617 (Mo. 1971). Moreover, the failure to call Davis would not have been prejudicial to defendant because three witnesses testified in detail in support of defendant's claim of self-defense and therefore the Davis testimony would have been merely cumulative.

We have considered the case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), cited by defendant, but it does not rule the point because clearly distinguishable on the facts.

The next point briefed is that "the court erred in failing to find that the evidence elicited and arguments made by the State regarding crimes other than the one for which appellant was charged denied appellant a fair and impartial trial." This contention is based on the fact that witness Vaughn testified, without objection, that he and deceased used heroin; that they sometimes purchased it from defendant, and often stole various articles in order to obtain money to pay for the heroin.

In argument the prosecutor, without objection, referred to those matters, and also asked the following questions which may have been construed as referring to defendant: "And who is the fagin? Who is the viper behind the stealing?"

■■■ If proper objection had been made to the foregoing matters and ruled adversely to the defendant it may be that such rulings would be considered trial errors. However, errors in admission of evidence and alleged improper argument are not matters which afford a basis for relief on a 27.26 motion. State v. Pope, 411 S.W. 2d 212 (Mo.1967), and State v. Garton, 396 S.W.2d 581 (Mo.1965). Defendant seeks to avoid this rule by stating that the evidence and argument in question denied him a fair trial and hence he was not afforded the due process of law guaranteed him by constitutional provisions. The trial court's finding on this point was that "the comments and allusions to other crimes of the movant by the circuit attorney in his final argument were comments on the evidence developed during the trial and were not so inflammatory as to violate any of the movant's constitutional rights." While we agree with the finding of the trial court, we rule the point on the basis that under the facts and circumstances here presented defendant cannot obtain a post-conviction review of alleged trial errors by making a general contention that such denied him his constitutional right to a fair trial. The cited case of Mahler v. State, 465 P.2d 765 (Okl.Cr.1970), does not support defendant's contention because it dealt with erroneous matters reviewed on direct appeal.

The defendant's final contention is that the trial court erred in failing to find that his conviction was based on false testimony. This point relates to the testimony of Vaughn at the hearing of the motion, which has been heretofore stated.

In considering a similar contention we have stated that "'Recantation by a witness called on behalf of the prosecution does not necessarily entitle accused to a new trial. * * * [R]ecanting testimony is exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true. * * *'" State v. Harris, 428 S.W.2d 497, 501 (Mo.1968). See also Batsell v. United States, 403 F.2d 395 (8th Cir. 1969). The trial court did not believe the recantation testimony of Vaughn. We defer to its conclusion in that regard. It necessarily follows that such finding was not clearly erroneous.

Judgment affirmed.

All concur.