The STATE of Oklahoma, Appellant,

v.

Johnny Ruben CARSON, Appellee.

No. A–18015.

Court of Criminal Appeals of Oklahoma.

July 18, 1973.

David Young, Dist. Atty., for appellant.

Walter Jones, Bristow, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Creek County, Case No. CRF–71–39, appellee was charged with the offense of Driving a Motor Vehicle While Intoxicated, Second Offense. At a pretrial motion to suppress hearing, the case was dismissed on the district judge's determination of an unconstitutional violation of appellee's privilege against self-incrimination. From the dismissal of this case, the State has properly perfected a timely appeal upon a certified reserved question of law.

The facts at preliminary revealed on October 2, 1971, at approximately 3:30 a. m. the appellee was observed by radar operating a motor vehicle on Oklahoma State Highway 51 in Creek County, Oklahoma, during the nighttime hours at speeds in excess of eighty (80) miles per hour. Highway Patrol Trooper Jack Choate, upon observing said offense, followed Carson, observed Carson's vehicle cross the center line of the highway and force an oncoming vehicle to the highway shoulder. Upon stopping the Carson vehicle and Carson's departure from the vehicle, Trooper Choate detected an odor of alcohol about Carson's person and noticed his speech was slurred. At that time, Carson was arrested for driving while intoxicated. Subsequently, Carson was transported to the Drumright Police Station, Drumright, Oklahoma, and advised of his rights under the Oklahoma Implied Consent Law. Carson was offered his choice of a blood or breath alcohol test, from which Carson chose a breath test. The result of the test indicated Carson's blood alcohol content to be .20 weight volume. Upon the above evidence, Carson was bound over to the District Court for trial, upon the offense of Driving While Intoxicated After a Subsequent Offense. In a hearing on Carson's motion to suppress, the District Court determined Carson's blood alcohol content results were illegally obtained as Carson was not advised of his right to counsel prior to nor during the administration of the test. Consequently, all evidence obtained as a result of the breath test was suppressed and the case was ordered dismissed for want of sufficient evidence.

Counsel for Appellant asserts one proposition of error contending the trial court erred in finding the blood alcohol tests were inadmissible for the reason appellee was not advised he had a right to have counsel present before and during the conduct and administration of the test.

He first asserts his privilege against self-incrimination in regard to blood alcohol tests under Oklahoma Constitutional Article 2, Section 21, was not effectively waived as he was not informed of his right to counsel in compliance with Miranda v. Arizona, and the necessary predicate to the admissibility of such blood alcohol test was not established. In the case of Bailey v. City of Tulsa, Okl.Cr., 491 P.2d 316 (1971), we upheld the constitutionality of the implied consent statutes 47 O.S.1971, §§ 751–760, when we held that driving was a privilege and the loss of that privilege as a result of refusing to take the blood or breath test did not compel the motorist to incriminate himself. As this Court has previously interpreted, the Implied Consent Law does not compel the motorist to incriminate himself. Consequently, his election to take the blood or breath test is not within the purview of the prohibition within Oklahoma Constitutional Article 2, Section 21, and does not invoke the necessity of *Miranda* warnings. Resolving *Miranda* warnings to be unnecessary, the question becomes whether the application of the Sixth Amendment, right to counsel, affords the accused of a right to counsel at blood alcohol tests. In the case of Flynt v. State, Okl.Cr., 507 P.2d 586 (1973), this Court stated as follows:

"The Supreme Court reinforced this view in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), when they said in dicta:

'The denial of a right to have his counsel present at such analyses [scientific analyzing of accused fingerprints, blood sample, clothing, hair, and the like] does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial.'

"We must agree. Because of the relative rapidity with which the body rids itself of alcohol, it is not feasible to require law enforcement authorities to wait until the defendant's attorney arrives and a decision is reached to administer the test. Whether or not to consent to the test is a simple decision, not requiring legal knowledge, but simply a

'yes' or 'no' answer. We hold that there is no right to the presence of an attorney in deciding whether or not to submit to the alcohol-blood level test. None of defendant's rights were violated by not allowing him to have an attorney present when he decided to submit to the breath test."

From the above authority it is apparent the Sixth Amendment does not give rise to a right to counsel as this is not a critical stage of the proceedings. We therefore find this proposition to be without merit and conclude appellee was not entitled to be advised of a right to counsel prior to being administered the blood alcohol test.

It is further contended in the State's brief that the District Court erred in dismissing the case upon the sustaining of its motion to suppress as there was still sufficient evidence excluding the blood alcohol content results to hold appellee for trial and establish a prima facie case for the jury. We agree with appellant's contention in this regard. The field sobriety test conducted by officers coupled with other observations at the time of arrest were sufficient evidence to bind appellee over to the District Court for trial and sufficient to submit a question of fact to a jury on the issue of whether or not the accused was driving while under the influence of intoxicants. It is this Court's opinion the District Court in dismissing this case upon the conclusion that the evidence should have been suppressed, abused its discretion in doing so.

The judgment of the District Court of Creek County is REVERSED.

The State appealed this case on reserve question of law. The trial court rendered this judgment of dismissal. Such judgment is final and the appellee may not be subjected to further prosecution in this case. See State v. Waldrep, 80 Okl.Cr. 230, 158 P.2d 368 (1945), Belveal v. Rambo, Okl.Cr., 487 P.2d 714 (1971) and United States v. Jorn, 400 U.S. 470, 27 L.Ed.2d 543, 91 S.Ct. 547 (1970).

BUSSEY, J., concurs.