**Calvin L. DUNN, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–73–92.**

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1973.

Bob E. Bennett, Ada, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Calvin L. Dunn, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pontotoc County, Case No. CRM–72–1282, for the offense of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor. He was sentenced to serve a term of ten (10) days in the county jail and a fine of twenty-five dollars ($25), and a timely appeal has been perfected to this Court.

A brief statement of the facts are that Officer Nemecek, of the Ada City Police Department, on November 3, 1972, observed the defendant driving at a high rate of speed and weaving from one side of the road to the other. Officer Nemecek followed the defendant and observed him run a stop sign. He then turned on his red light and the defendant pulled into a driveway and stopped. After walking up to defendant's car, he observed the defendant lying over in the seat of the car. Officer Nemecek asked the defendant to step from his vehicle and as the defendant stepped from his vehicle, he observed that the defendant was unsteady on his feet and had an odor of alcohol about his breath. Officer Nemecek then observed smoke coming out of the defrost vent of the defendant's vehicle. He then called Officer Tom Miller and requested that Officer Miller give the defendant a breathalyzer test.

Officer Tom Miller then went to the Ada Police Station at which time he administered a breathalyzer test to the defendant. The breathalyzer test revealed a reading of .21 percent blood alcohol content.

For defense, the defendant offered the testimony of Jim Jernigan, who testified that he had been with the defendant all day and was the driver of defendant's vehicle as the defendant had no driver's license. He testified that he drove the defendant's car into the defendant's driveway and left to catch a bus home and left the defendant lying in the car.

The defendant's first assignment of error contends that the trial court admitted a breathalyzer test into evidence to prove defendant's guilt in violation of defendant's constitutional right against self-incrimination. The defendant contends that he was never advised of his constitutional rights in accordance with the rules of procedure set forth in the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, therefore the taking of the breathalyzer test and the information it revealed constituted a violation of his constitutional rights against self-incrimination. This question has previously been answered in the case of State v. Carson, Okl.Cr., 512 P.2d 825 (1973), wherein this Court held:

"As this Court has previously interpreted, the Implied Consent Law does not

compel the motorist to incriminate himself. Consequently, his election to take the blood or breath test is not within the purview of the prohibition within Oklahoma Constitutional Article 2, Section 21, and does not invoke the necessity of Miranda warnings. Resolving Miranda warnings to be unnecessary, the question becomes whether the application of the Sixth Amendment, right to counsel, affords the accused of a right to counsel at blood alcohol tests. In the case of Flynt v. State, Okl.Cr., 507 P.2d 586 (1973), this Court stated as follows:

'The Supreme Court reinforced this view in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), when they said in dicta:

"The denial of a right to have his counsel present at such analyses [scientific analyzing of accused fingerprints, blood sample, clothing, hair, and the like] does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial."

'We must agree. Because of the relative rapidity with which the body rids itself of alcohol, it is not feasible to require law enforcement authorities to wait until the defendant's attorney arrives and a decision is reached to administer the test. Whether or not to consent to the test is a simple decision, not requiring legal knowledge, but simply a 'yes' or 'no' answer. We hold that there is no right to the presence of an attorney in deciding whether or not to submit to the alcohol-blood level test. None of defendant's rights were violated by not allowing him to have an attorney present when he decided to submit to the breath test.'

"From the above authority it is apparent the Sixth Amendment does not give rise to a right to counsel as this is not a critical stage of the proceedings. We therefore find this proposition to be without

merit and conclude appellee was not entitled to be advised of a right to counsel prior to being administered the blood alcohol test."

We therefore find no merit in this proposition.

The defendant's second proposition asserts that his conviction for the offense of Driving While Intoxicated constitutes double jeopardy under the United States and Oklahoma Constitution. The defendant argues under this assignment of error that it was error for the trial court to allow the State to proceed to try him for the offense of Driving While Intoxicated for the reason that he had already been placed in jeopardy by virtue of the fact that he was convicted of careless driving in the Municipal Court for the City of Ada, Oklahoma, a municipal corporation, and the careless driving conviction arose out of the same transaction and the same set of facts as the conviction now on appeal. From a review of the record, we find that the defendant in fact was not convicted of the charge of careless driving in the municipal court but forfeited bond on this charge. In the case of Smith v. State, Okl.Cr., 453 P.2d 307, this Court held in paragraph three of the Syllabus:

"Bond forfeiture, intentional or otherwise, in municipal court is not tantamount to a conviction."

Although, the *Smith* case, supra, is dealing with impeachment of witnesses, it is our opinion and we so hold that a bond forfeiture in municipal court is not a conviction and jeopardy does not attach. Therefore, in the instant case the State was not prohibited from prosecuting the defendant for driving under the influence by reason of the bond forfeiture in the Municipal Court of Ada, Oklahoma, but it must be noted that this conviction does prohibit the City of Ada from prosecuting the defendant for the charge of Careless Driving.

It is therefore our opinion that the judgment and sentence appealed from, should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):

I concur in this decision for the reason the bond forfeitures in the Municipal Court did not constitute a conviction. The citation offered by defendant from Smith v. State, Okl.Cr., 453 P.2d 307 (1969), was the editor's syllabus. The *Smith* decision was premised, in part, upon Torbett v. State, Okl.Cr., 449 P.2d 725 (1969), wherein this Court stated, at page 727:

"We do not believe that a bond forfeiture, intentional or otherwise, in Municipal Court, is tantamount to a conviction.

A bond forfeiture is by its very nature a civil proceeding and does not terminate the criminal proceedings pending against the accused."

The decision states further that:

"A person forfeiting a bond is subject to arrest on a bench warrant and may be placed on trial notwithstanding the forfeiture."

Therefore, insofar as no former conviction existed in the Municipal Court, defendant's contention of former jeopardy is without merit. Likewise, the evidence is sufficient to sustain this conviction.

I concur.