**Clarence G. "Gene" RICHARDSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–658.**

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1976.

Ancel Simpson, Shutler, Baker, Simpson & Logsdon, Kingfisher, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Clarence G. "Gene" Richardson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Kingfisher County, Case No. CRF–74–348, for the offense of Receiving Stolen Property, in violation of 21 O.S.1971, § 1713. His punishment was fixed at a term of six (6) months in the County Jail and a fine in the amount of Five Hundred ($500.00) Dollars. From said judgment and sentence, a timely appeal has been perfected to this Court.

Tom Wood, an employee of the Oklahoma Natural Gas Company in El Reno, testified that on the morning of September 19, 1974, certain equipment was found to be missing from their Shepherd and Foreman warehouse yard. He stated that the missing equipment consisted of a 1968 Ford two ton F–600 crew truck; a 1957 Lincoln welder, 200 amp.; a 1961 Haul-it trailer; and, a 1971 Ford diesel backhoe, plus other equipment on the crew truck, including various tools and equipment. (Tr. 4)

Jerry Ervin, Sheriff of Canadian County, testified that on the morning of October 23, around 9:00 a. m., he received an anonymous telephone call to the effect that the stolen property was at the Highway 33 welding shop in Kingfisher, and that the defendant was involved. He testified that later the same evening he and T. D. Hale, Chief of Police in El Reno, drove to said welding shop and there observed a 1968 Ford truck which had been painted yellow. They then contacted the owner of the welding shop, Claude Lann, who accompanied them back to the location where the truck had been found and they checked the serial number with that of the reported stolen vehicle finding them to be identical. He also testified that upon further investigation of Mr. Lann's welding shop they discovered the missing Lincoln welder, gin poles, and flat bed from the truck.

Upon re-direct examination Sheriff Ervin stated that the defendant had told him he had sold the Lincoln welder to Claude Lann for $500.00.

The testimony of Ray Bourquin, Captain of the El Reno Police Department, was primarily concerned with the investigation of the theft of the property.

T. D. Hale, Chief of Police at El Reno, substantially corroborated the testimony of Jerry Ervin.

Next, the State called Claude L. Lann, the owner of the 33 Welding Shop in Kingfisher, Oklahoma. He testified that around the 21st of September, 1974, he

bought a welder from the defendant at a quonset hut at 13th and Bowman Streets. He wrote a check for $500.00 for the welder only. He also stated that he planned to buy a truck bed at the same place but never completed the transaction, though he did haul the truck bed down to his welding shop. He also testified that he saw some gin poles laying on the floor of the quonset hut.

Richard Jones, Deputy Sheriff of Kingfisher County, primarily testified concerning the recovery of the stolen property. On cross-examination he stated that the defendant helped disassemble the truck in question.

The State then rested.

The defendant did not testify in his own behalf nor offer any evidence.

■ The defendant's first assignment of error alleges that the trial court erred in the admission of testimony concerning property other than the property described in the information. The information describes the following:

"1–1957 Lincoln Welder 200 AMP, Motor No. 196092 of the value of $500.00;

"1—Blue Color Steel Truck Bed, of the value of $150.00;

"1–Acetylene Torch, of the value of $25.00; and Dark Blue Gin Poles, of the value of $25.00, . . ."

Defendant's objection is to the prosecutor's questions concerning a two ton Ford crew truck, a Ford diesel backhoe, a trailer and certain other equipment, which were not included in the information. The defendant alleges said questions were prejudicial to his case. Defendant cites *Smith v. State*, Okl.Cr., 453 P.2d 307 (1969), and *Mahler v. State*, Okl.Cr., 465 P.2d 765 (1970) to support this assignment of error. However, these cases are distinguishable. In the *Smith* case, which involved possession of marihuana, the prosecutor asked irrelevant questions concerning defendant's previous offenses of consorting with a prostitute and obtaining merchandise under false pretenses. In the *Mahler* case, which

involved concealing stolen property, the prosecutor asked so many questions concerning narcotics that this Court stated that it was difficult to determine for what the defendant was being tried. In the instant case the State asked questions involving all of the property taken in the original theft. The questions dealt primarily with description of the equipment originally taken and how it was connected which has probative value in that the property in question here consisted of separated parts of the original theft. Even if we found that the questions were irrelevant, we would regard them as harmless error under 20 O.S.1971, § 3001. Therefore, for the above stated reasons we find this assignment of error to be without merit.

■ Defendant alleges in his second assignment of error that the trial court improperly overruled his demurrer to the evidence and motion for directed verdict because the evidence was insufficient to convict him of the crime charged. We cannot agree. The record demonstrates that the defendant was in possession of certain items of the stolen property shortly after the theft occurred. The property which was in defendant's possession had been disconnected from the stolen property and repainted. The welder was sold by the defendant at a very low price. These circumstances taken together are sufficient to support the crime for which the defendant was charged and convicted. In this regard, *United States v. Gober*, 331 F.Supp. 252 (W.D.Okl.1971), states:

". . . It is, of course, fundamental that a criminal offense may be proven beyond a reasonable doubt by circumstantial evidence and that direct evidence of the essential elements of a crime is not necessary. . . ."

See also, *Logan v. State*, Okl.Cr., 493 P.2d 842 (1972), and *Brewer v. State*, Okl.Cr., 452 P.2d 597 (1969). In *Byrne v. State*, Okl.Cr., 482 P.2d 620 (1971), the defendant on appeal also complained of the sufficiency of the evidence and in affirming the

judgment and sentence of the trial court this Court stated:

> "[A] demurrer to the evidence in substance admits the facts the evidence tends to prove. *Akers v. State*, Okl.Cr., 323 P.2d 381 (1958). Where there is any competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence." 482 P.2d at 622

 The defendant devotes considerable attention to the fact that guilty knowledge is an essential element of the crime of receiving stolen property. However, the statute in question, 21 O.S.1971, § 1713, reads in pertinent part as follows:

> "(1) Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever that has been stolen, embezzled, obtained by false pretense or robbery, *knowing or having reasonable cause to believe the same to have been stolen,* embezzled, obtained by false pretense, or robbery, or who .conceals, withholds, or aids in concealing or withholding such property from the owner, is punishable by imprisonment . . ." (Emphasis added)

Thus, the State need not prove actual knowledge that the property was stolen as defendant intimates, but need only show that the defendant had reasonable cause to believe the property to have been stolen. Furthermore, in the case of *Jackson v. State*, 508 P.2d 277, 279 (1973), this Court held that it was proper to give an instruction which read in pertinent part as follows:

> " '. . . The mere possession of property recently stolen is not alone sufficient to convict the possessor of knowingly concealing stolen property, or having reasonable cause to believe that it was stolen property, but when such fact is supplemented with other facts inconsistent with the idea that possession is honest, it then becomes a question of

fact for the jury to pass upon as to the guilt or innocence of the defendant, of knowingly concealing stolen property.' "

Whether the defendant knew or had reason to know that the property in his possession was stolen was therefore a matter for the jury to determine and we cannot say that this decision was unreasonable. We therefore find this ·assignment to be without merit.

For the above stated reasons the judgment and sentence appealed from is, accordingly, *affirmed.*

BRETT, P. J., and BLISS, J., concur.