**Richard ROSS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–341.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1976.

Goodwin & Goodwin, Gordon D. McAllister, Jr., Tulsa, for appellant.

Waldo F. Bales, City Atty., Tulsa, for appellee.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard Ross, hereinafter referred to as defendant, was charged, tried and convicted in the Municipal Criminal Court, Tulsa County, Case No. 200099B, for the offense of Driving a Motor Vehicle While Under the Influence of Alcohol, in violation of a Tulsa City Ordinance. Jury trial was waived, and the case was tried to the court. The defendant was found guilty of the offense as charged and sentenced to a fine of One Hundred Fifty Dollars ($150.00), costs of Twenty-five Dollars ($25.00), and ninety (90) days imprisonment in the Tulsa County Jail, with the court suspending 60 days of the sentence. From that judgment and sentence a timely appeal has been perfected to this Court.

According to the stipulation of facts found in the original record, defendant was arrested on or about July 7, 1975. The arresting officer testified that he concluded from his observation that the defendant was possibly under the influence of intoxicating liquor while driving a vehicle on the public roads within the City of Tulsa. He advised the defendant of his rights under the Oklahoma Implied Consent Law, 47 O.S.1971, § 751–760. The defendant was not given the Miranda warnings prior to the test. A breathalyzer test was administered to the defendant, and the result of the test indicated that the defendant's blood alcohol content was 0.23% weight volume. The defendant moved at trial for the suppression of the test results, and the motion was denied.

The defendant argues that the trial court erred in admitting into evidence the results of the breathalyzer test. He contends that this violated his constitutional right against self-incrimination. He further contends that it was error to admit the results of the test because he was never advised of his constitutional rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defendant premises his argument by stating that consent to a blood alcohol test under the Oklahoma Implied Consent Law, 47 O.S.1971, § 751–760 constitutes an incriminating statement. We disagree. The defendant cites the case of *Spencer v. State*, Okl.Cr., 404 P.2d 46 (1965), to support his argument that the Oklahoma Constitutional prohibition against self-incrimination, Oklahoma Constitution, Article II, § 21, is broader in scope than that embraced in the Fifth Amendment to the Federal Constitution. However, defendant neglects to note this case was overruled by this Court in *State v. Thomason*, Okl.Cr., 538 P.2d 1080 (1975), wherein we stated:

> ". . . However, we now hold that the particular phraseology contained within our constitutional provision upon self-incrimination is simply declaratory of common law and does not grant broader protection than that embodied in the Fifth Amendment to the federal constitution. Those cases so indicating to the contrary are hereby overruled."

The United States Supreme Court held in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), that the privilege against self-incrimination protects an accused only from being compelled to provide the State with evidence of a communicative nature and that a chemical test for blood alcohol content is not communicative. The court ruled that the blood test was physical evidence, not testimonial, and therefore was not protected by the Fifth Amendment. Therefore, in view of *State v. Thomason*, supra, and *Schmerber v. California*, supra, it is evident that the Oklahoma Constitution protects the accused only from being compelled to provide the State with evidence of a communicative nature. Thus, the defendant's basic premise that a consent to a blood alcohol test under the Implied Consent Law constitutes an incriminating statement is inaccurate. The consent itself is voluntary, and the defendant's consent to take the test does not constitute evidence which is used against him in court. It is the results of the tests which are presented in evidence, and the results are not protected by either the Fifth Amendment to the United States Constitution nor Article II, § 21 of the Oklahoma Constitution.

The defendant further argues that the defendant must be advised of his constitutional rights in accordance with *Miranda v. Arizona*, supra, before he consents to the blood alcohol test under the Implied Consent Law. This court previously answered this question in *State v. Carson*, Okl.Cr., 512 P.2d 825 (1973), wherein we held:

> ". . . As this Court has previously interpreted, the Implied Consent Law does not compel the motorist to incriminate himself. Consequently, his election to take the blood or breath test is not within the purview of the prohibition within Oklahoma Constitutional Article 2, Section 21, and does not invoke the necessity of *Miranda* warnings. . . ."

See, *Dunn v. State*, Okl.Cr., 513 P.2d 1404 (1973).

Thus, it was not error to admit the results of the breathalyzer test. There was no violation of the constitutional right against self-incrimination, and there was no need to quote the Miranda warnings prior to administering the blood alcohol test. Therefore, the judgment and sentence is AFFIRMED.

BRETT, P. J., concurs in results.

BLISS, J., concurs.