**STATE of Oklahoma ex rel. OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Winfred H. KOPCZYNSKI, Appellee.**

**No. 45354.**

Supreme Court of Oklahoma.

July 25, 1972.

Leroy J. Patton, Dept. of Public Safety, Oklahoma City, for appellant.

Don Welch, Jr., Madill, for appellee.

LAVENDER, Justice:

This is an appeal by the Department of Public Safety from an order of a district court in an appeal thereto involving an order of a hearing officer sustaining an order of the Commissioner of Public Safety. The Commissioner's order revoked, for a period of six months, the operator's license of the appellee, Winfred Hale Kopczynski, pursuant to 47 O.S.1971 § 753, for his refusal to submit to a chemical test of his blood or breath for alcohol content after being arrested while driving a motor vehicle on a public highway of this state.

That statute provides that, if a conscious person under arrest refuses to submit to such a test, none shall be given but, upon receipt of a sworn report of the arresting officer that he had reasonable grounds to believe the arrested person had been driving, or was in actual physical control of, a motor vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to such a test, the Commissioner of Public Safety

"shall revoke his license to drive and any nonresident operating privilege for a period of six months."

It also provides that, if the person is a resident without a license or permit to operate a motor vehicle in this state, the Commissioner of Public Safety shall deny to the person the issuance of a license or permit "for a period of six months after the date of the alleged violation." Denial of a license or permit is not involved herein.

In this case, the district court held that revocation of the license was justified but modified the order by reducing the period of revocation to 30 days upon a finding that "any loss of petitioner's driving privilege in excess of 30 days would create an extreme hardship and handicap upon him."

The sole question presented herein is whether or not, in an appeal involving an order of revocation under 47 O.S.1971 § 753, a district court, after determining that

revocation of the license or permit was justified, has authority to modify the order by reducing the period of revocation to anything less than the six months prescribed in that statute and in the order of revocation. We answer that question in the negative.

With the exception of 47 O.S.1971 § 6–211, and subsection (e) thereof relied upon by the appellee herein, all of the statutes involved herein were enacted as parts of the 1967 "implied consent" act providing for chemical tests of motor vehicle operators' blood or breath for alcohol content in certain situations (47 O.S.1971 §§ 751 through 760).

Section 751 provides that any person who operates a motor vehicle upon the public highways or streets of this state shall be deemed to have given consent, subject to the provisions of the act, to a chemical test or tests of his blood or breath, at the election of the person proposed to be tested, for the purpose of determining the alcoholic content of his blood. It also provides that:

> "* * * The test or tests shall be administered at the direction of a law enforcement officer after having arrested a person and having reasonable grounds to believe the person driving or in actual physical control of a motor vehicle upon the public highways was under the influence of alcohol or intoxicating liquor."

Section 752 relates to the making of the tests and reports thereof.

As mentioned above, Section 753 provides that the Commissioner of Public Safety shall revoke the license of a person, for a period of six months, upon receipt of a sworn report of a law enforcement officer stating (a) that he had arrested the person, and (b) that he had reasonable grounds to believe the arrested person had been driving, or was in actual physical control of, a motor vehicle upon a public highway while under the influence of alcohol or intoxicating liquor, and (c) that he had refused to submit to chemical testing of his blood or breath.

Section 754, which provides for a hearing, at the request of a person whose privilege to drive has been denied or revoked under Section 753, before the Commissioner of Public Safety or his authorized agent, limits the scope of such a hearing to a determination of whether those three factors existed. It also provides that:

> "* * * the Oklahoma Commissioner of Public Safety or his authorized agent shall order either that the revocation or denial be rescinded or sustained."

Section 755 provides that:

> "If the revocation or denial is sustained, the person whose license or permit to drive or nonresident operating privilege has been revoked or denied may file a petition for appeal in the county court in the manner provided in 47 O.S., Section 6–211, and the proceedings upon said appeal shall be the proceedings prescribed by 47 O.S., Section 6–211."

47 O.S.1971 § 6–211 was originally enacted as a section of that portion of the 1961 Uniform Vehicle Code which relates to the cancellation, suspension and revocation of operators and chauffeurs' licenses by the Department of Public Safety. Section 6–211 is a general statute providing for appeals to the district courts from such departmental orders, by the filing of petitions therefor wtihin prescribed times. Subsection (d) thereof provides for a hearing on such a petition not less than 15 days and not more than 30 days from the date the petition is filed.

Subsection (e) of Section 6–211, relied upon by the appellee as authority for the court's action in this case, provides that, upon such a hearing, the court shall take testimony and examine into the facts and circumstances, including all of the records on file in the office of the Department of Public Safety relative to the offense committed and the driving record of the licensee, and determine, from said facts, cir-

cumstances and records, whether the petitioner should be subject to the order of denial, cancellation, suspension or revocation issued by the department. It provides that, in case the court finds that the order was not justified, it may sustain the appeal, vacate the order and direct the license be restored to the petitioner. It also contains provisions that:

"The court may also determine whether, from such testimony of said licensee's previous driving record in the operation of motor vehicles, said order was for a longer period of time than such facts and circumstances warranted;"

and that:

"The court may, in case it determines the order was justified, but that the period of suspension was excessive, enter an order modifying the same."

The appellee cites no case in which this court has held that, insofar as the period of time during which a denial, revocation or suspension of a license shall be effective is concerned, a district court has any more discretion under Section 6–211 than the Department of Public Safety had in the first instance.

The 1967 act involved herein gives the Department no discretion in that matter, or in the matter of the factors to be considered in determining whether a person's license or permit may, or should, be denied or revoked thereunder. Sections 753 and 754 prescribe the factors to be considered in determining whether a license may, or should, be denied or revoked. Section 753 specifically and definitely fixes six months as the period during which any denial or revocation under the act shall be effective.

In an appeal under 47 O.S.1971 § 755, involving an order of revocation under 47 O.S.1971 § 753, a district court, after determining that revocation of the license or permit was justified, has no authority to modify the order by reducing the period of revocation to less than six months.

The district court order involved herein is hereby modified by striking therefrom the provision that the period of revocation shall be modified and reduced from a period of six months to 30 days.

All of the Justices concur.