Joe Richard **LEWIS**, Appellee,

v.

**OKLAHOMA DEPARTMENT OF PUBLIC SAFETY**, Appellant.

No. 45138.

Supreme Court of Oklahoma.

Nov. 28, 1972.

As Amended on Denial of Rehearing Dec. 26, 1972.

Bassmann, Gordon, Mayberry & Scarth by Jack K. Mayberry, Claremore, for appellee.

Leroy J. Patton, Gen. Counsel, Dept. of Public Safety, Oklahoma City, for appellant.

BARNES, Justice.

This appeal involves the revocation of Appellee's driver's license under Senate Bill No. 28 enacted by the First Regular Session of the Thirty-first Legislature (S. L.1967, Ch. 86; 47 O.S.1971, §§ 751–760, both inclusive), sometimes referred to as the "implied consent" law.

After one of Appellant's Highway Patrolmen arrested Appellee for driving a motor vehicle under the influence of alcohol, and Appellee had refused the officer's request that he submit to a chemical test of his blood or breath prescribed by that statute (Section 752, supra), the Appellant's Commissioner of Public Safety (hereinafter referred to merely as "Commissioner"), upon receipt of the officer's sworn report (also prescribed in the statute, Section 753, supra), revoked Appellee's said license, as provided in the cited section, for a period of six months.

Thereafter, in compliance with the procedure prescribed by Section 754, supra, Appellee requested, and was granted, a hearing before the Commissioner, after which that official ordered the previous license revocation sustained.

Thereafter, Appellee appealed the latter order to the district court (hereinafter referred to as "trial court") and after hearing Appellee's evidence, over Appellant's objections, to the effect that the license revocation would work a hardship upon him, that court ordered the period of revocation reduced to sixty days.

Appellant then commenced the present appeal by filing its petition in error in this Court alleging, in substance, that the trial court erred in allowing Appellee to introduce evidence of hardship and by modifying the Commissioner's revocation order on the basis thereof.

More than three months after it had filed its brief in chief, Appellant also filed

a motion for a "summary" reversal of the trial court's judgment on account of Appellee's failure to brief.

Appellee then filed a motion to dismiss this appeal on the ground that it does not comply with Title 47 O.S.1971, § 6–211, because Appellant had filed no transcript of the trial record with its petition in error. His position is based upon the premise that the Implied Consent Law's Section 5 (Section 755, supra) makes that Statute applicable to court proceedings instituted by a licensee after the Public Safety Commissioner has revoked his license, and that Subdiv. (i) of said Statute (Section 6–211, supra) requires that, where an appeal to this Court is taken from the trial court's order or judgment, both "a complete transcript" of the trial court's record and a petition in error must be filed in this Court "within twenty days after" said trial court's order or judgment.

Here, though the petition in error of the Appellant has been on file in this Court several months, no transcript of the record of the District Court, nor any of the "pleadings, proceedings and judgment" in that court, as prescribed in Section 6–211(i), has yet been filed in the present appeal.

■ Regardless of this fact, however, we think there is no merit in Appellee's position. Assuming arguendo that the present appeal would otherwise be governed by the provisions of Subdiv. (i) of Section 6–211, supra, this Court, under the authority previously granted it by House Bill No. 999 of the 1965 Regular Session of the Thirtieth Oklahoma Legislature (Title 12 O.S.1965 Supp., § 990) to "provide by court rules" procedure, in addition to that previously provided for the lodging of an appeal here, promulgated Rules of Appellate Procedure in Civil Cases, Title 12 O.S.1971, Ch. 15, App. 2. These Rules became effective on January 1, 1970, or more than six months before Appellant's petition in error was filed in this appeal. Among these Rules, Rule 1.15, Subdiv. (a), cites Section 990, supra (as amended in 1968),

in prescribing the time within which an appellant's petition in error must be filed in this Court. Subdiv. (b) of the same Rule reads, in material part, as follows:

"An appeal from a district court's decision falling within the provisions of 47 O.S.Supp.1969, § 6–211, Subdiv. (i) (to review a person's right to a driver license) . . . may be prosecuted either within the time and within the manner provided by the cited sections *or in accordance with these rules*; * * *." (Emphasis added)

Since the above quoted Rule gives the Appellant, in an appeal to this Court from a district court's decision in a case covered by 47 O.S.1969 and 1970 Supp. § 6–211, the option of prosecuting it either in the manner prescribed by Subdiv. (i) of that section, or in the manner prescribed by the Rules adopted by this Court, as aforesaid, and these Rules contain no requirement that a transcript or record of the district court proceedings be filed in this Court with the petition in error within twenty days after the date of the district court's order or judgment, Appellee's motion to dismiss, based upon such a requirement, must be overruled. It is so ordered.

■ We now proceed to a consideration of Appellant's hereinbefore mentioned motion asking us to reverse the trial court's order on the basis of the argument and authorities set forth in its brief. In connection with Appellee's aforementioned failure to refute Appellant's argument on the merits of this appeal, or to file any brief at all, we have been informed by his attorneys that we must "act" without such a brief. In such a situation, the applicable rule, as stated in Needham v. Hays, Okl., 431 P.2d 441 (1st syll.), is as follows:

"Where the defendant in error has failed to file an answer brief which failure is unexcused and the brief of the plaintiff in error reasonably supports the allegations of the petition in error, the cause will be reversed and remanded; and conversely, if such allegations are not reasonably supported by the brief of

the plaintiff in error the decision of the trial court will be affirmed, although this court has no duty to search the record for a basis on which to sustain the decision of the trial court."

In its brief, Appellant takes the position, and cites authorities for the proposition, that whether or not the Commissioner's revocation of Appellee's driver's license worked a hardship on him was immaterial because hardship constitutes no ground for challenging such an order. Since the filing of Appellant's brief, its position has been completely and unqualifiedly upheld by this Court's decision in State ex rel. Okl. Dept. of Pub. Safety v. Kopczynski, Okl., 499 P.2d 1384. Accordingly, under the above quoted case, the order and/or judgment of the trial court is hereby modified by striking therefrom any and all provisions thereof purporting to reduce the period of the license's revocation from six months to sixty days.

All Justices concur.