**Willie F. KUYKENDALL, Appellee,**

v.

**DEPARTMENT OF PUBLIC SAFETY,**
**State of Oklahoma, Appellant.**

**No. 48153.**

Supreme Court of Oklahoma.

Dec. 23, 1975.

Virgil Tipton, Glen Ham Law Offices, Pauls Valley, for appellee.

Stephen G. Fabian, Jr., Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellant.

LAVENDER, Justice:

This appeal involves the revocation of the driver's license of Willie F. Kuykendall, appellee (Kuykendall), pursuant to the state's "Implied Consent Law," 47 O.S. 1971, § 751 et seq., then in effect.

Kuykendall was arrested and charged with driving while under the influence of alcohol, for having an open bottle in the car, and for assault and battery on the arresting officer. The patrolman observed that Kuykendall swerved over the center line on a public highway. He was stopped. The patrolman smelled liquor on Kuykendall's breath. Testimony conflicted between the patrolman and appellee as to the circumstances leading to Kuykendall's ar-

rest. He was arrested and taken into custody. When asked by the patrolman if he would take a chemical blood test, Kuykendall refused.

The Commissioner of Public Safety revoked the appellee's license for six months as required by § 753.[1] The revocation was upheld at the hearing provided under § 754. Kuykendall took an appeal to district court. § 755. The district court sustained the suspension for six months with the modification Kuykendall could drive to and from work and while on the job.

Department of Public Safety *appeals the modification by the court of the sustained suspension.* It argues the terms of the suspension is mandatory under § 753 and the district court has no authority to modify those terms if the suspension is justified and sustained.

Kuykendall did not appeal the sustaining of the suspension. He argues 47 O.S.1971, § 6–211, including sub-section (e) allowing modification, is controlling under § 755 and legislative intent thereby was to grant the district court the authority to modify as demonstrated by amendment of § 755 by Laws 1975, c. 119 § 4 authorizing the district court to make such a modification. We do not agree.

Section 755 allows an appeal of the sustaining of revocation of license upon hearing before the Commissioner of Public Safety as provided by § 754. Section 755 provides:

"* * * may file a petition for appeal * * * *in the manner* provided in 47 O.S., Section 6–211, and the *proceedings* upon said appeal *shall be the proceedings* prescribed by 47 O.S., Section 6–211." (Emphasis added.)

Section 6–211 for the purposes in § 755 provides the procedure of that authorized

---

1. "§ 753. Refusal to submit to test.—If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer *that he had reasonable grounds to believe* the arrested person had been driving or was in actual physical

control of a motor vehicle upon the public highways, streets or turnpikes while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive and any nonresident operating privilege for a period of six (6) months; . . . .."

appeal. The issues, both in positive and in negative form, are set out in § 754. The Commissioner under § 754 "shall order either that the revocation or denial be rescinded or sustained." That order is the subject of the appeal in § 755. Section 753 requires a suspension of six months. It allows no conditions.

In *State ex rel. Okl. Dept. of Pub. Safety v. Kopczynski*, Okl., 499 P.2d 1384 (1972) this court held a district court has no authority to modify an order of revocation by reducing the period to less than six months, in an appeal under § 755 of a revocation order provided by § 753. In the present case, the modification is one of conditional suspension instead of one of a reduction of period of suspension. We find no difference here. It is controlled by *Kopczynski, supra.*

Section 755 was amended by Laws 1975, effective May 13, 1975, through the addendum of language to allow the district court to make the type of modification here involved. That addition to the section was not available to Kuykendall in this appeal. Section 755 as a part of the Implied Consent Law originated in 1967 and became effective January 1, 1969. *Kopczynski, supra,* was in July, 1972. The 34th Legislature has since met in the First Regular Session, 1973, and the Second Regular Session, 1974. The amendment came in the 35th Legislature, First Regular Session, 1975. That amendment denotes a change in the law by the legislature. We do not find it expresses the intention of the 31st Legislature in its First Regular Session in 1967. As stated in *Linington v. McLean County*, N.D., 161 N.W.2d 487 (1968):

"  *  *  *  an *amendment* to a statute *usually indicates an intention to change its meaning,* based upon the theory that the Legislature is not presumed to do a useless act. 2 Sutherland, Statutory Construction (3rd ed.) § 5110; 82 C.J.S. Statutes § 384b(2). Further, the *legislative intent* that is *controlling* in the construction of a statute *has reference to the Legislature which enacted it, not a subsequent one.* Subsequent amendments cannot be considered as indicating the intention of the Legislature in adopting earlier statutes. 82 C.J.S. Statutes § 384, p. 900." (Emphasis added.)

We do not agree the 1975 amendment expresses the intent of the 1967 Legislature.

The district court had no authority at the time it entered the order appealed from to modify the revocation so as to allow the licensee to drive to and from work or on the job.

Reversed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY and BARNES, JJ., concur.

SIMMS, J., concurs in result.

HODGES, V. C. J., and DOOLIN, J., dissent.