Appeal of Edward C. TURNER From the Order of Revocation of Driver's License By the Commissioner of Public Safety, State of Oklahoma.

No. 46497.

Supreme Court of Oklahoma.

Jan. 13, 1976.

Stephen G. Fabian, Jr., Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellant.

Ronald G. Franklin, Johnston & Franklin, Enid, for appellee.

LAVENDER, Justice:

Appellee, Edward C. Turner (Turner), was arrested for the offense of Driving a Motor Vehicle While Under the Influence of Alcohol. He refused, upon proper request by a law enforcement officer, to submit to a chemical test of his breath or blood to determine the alcohol content of his blood. Upon receipt of the officer's sworn report of the refusal, the Commissioner of Public Safety issued an order revoking appellee's driving privileges for six months. 47 O.S.1971, § 753.

Turner requested and received an administrative hearing before a hearing officer appointed by the Commissioner, 47 O.S. 1971, § 754. Upon the evidence there presented, the order of the Commissioner was sustained.

Turner lodged an appeal in the District Court. 47 O.S.1971, § 755. Finding that " . . . although the revocation is justified, six (6) months is excessive after consideration of plaintiff's entire driving record," the trial judge ordered the period of revocation modified from six months to three (3) months. The Department of Public Safety appeals this judgment of modification.

The judgment of the trial court as to the modification of the length of suspension is contrary to this court's holding in State ex rel. Oklahoma Department of Public Safety v. Kopczynski, Okl., 499 P.2d 1384

(1972). As was held in that case, the district court is not authorized by 47 O.S. 1967, § 6–211 to modify the six months' suspension. We do not distinguish *Kopczynski, supra,* from this case based on hardship found there.

If, as appellee contends, 47 O.S.1971, § 6–211 does grant authority to modify, then there would be no need for the specific authorization contained in the 1975 amendment, Laws 1975, c. 119 § 4, to 47 O.S. 1971, § 755. The legislature recognized *Kopczynski, supra,* as correctly interpreting the legislative intent and proceeded to provide by the 1975 amendment a specific and limited exception to the rigid requirement of the six months' suspension contained in the Implied Consent Law. As to the legislative intent, when § 755 was originated, this court said in *Kuykendall v. Department of Public Safety,* No. 48,153, Okl., 544 P.2d 516, promulgated December 23, 1975.

"Section 755 was amended by Laws 1975, effective May 13, 1975, through the addendum of language to allow the district court to make the type of modification here involved. * * *. Section 755 as a part of the Implied Consent Law originated in 1967 and became effective January 1, 1969. *Kopczynski,* supra, was in July, 1972. The 34th Legislature has since met in the First Regular Session, 1973, and the Second Regular Session, 1974. The amendment came in the 35th Legislature, First Regular Session, 1975. That amendment denotes a change in the law by the legislature. We do not find it expresses the intention of the 31st Legislature in its First Regular Session in 1967. As stated in *Linington v. McLean County,* N. D., 161 N.W.2d 487 (1968):

'* * * an *amendment* to a statute *usually indicates an intention to change its meaning,* based upon the theory that the Legislature is not presumed to do a useless act. 2 Sutherland, Statutory Construction (3rd ed.) § 5110; 82 C.J.S. Statutes § 384b(2).

Further, the *legislative intent* that is *controlling* in the construction of a statute *has reference to the Legislature which enacted it, not a subsequent one.* Subsequent amendments cannot be considered as indicating the intention of the Legislature in adopting earlier statutes. 82 C.J.S. Statutes § 384, p. 900. (Emphasis added.)'

We do not agree the 1975 amendment expresses the intent of the 1967 Legislature."

The "issues" to be determined in the appeal proceeding before the district court are "whether the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test or tests (for alcoholic content of his blood)." 47 O.S.1971, § 754. If these questions are answered affirmatively, then it is mandatory (with the exception specified in the 1975 amendment to § 755) that such a driver not be permitted to operate his vehicle upon the public highways of this state for six months.

The suspension is affirmed with the modification thereof reversed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY and BARNES, JJ., concur.

HODGES, V. C. J., and SIMMS and DOOLIN, JJ., dissent.

SIMMS, Justice (dissenting):

I respectfully dissent to the opinion of the majority.

While our decision in *State ex rel. Dept. of Public Safety v. Kopczynski,* Okl., 499 P.2d 1384 (1972) was correct upon the factual situation presented there, it is not controlling here. It is clearly distinguishable from this case.

I am aware that the Court's syllabus in *Kopczynski,* supra, standing alone offers some support for the majority's position in

the instant matter. However, I believe that the syllabus is overly broad and therefore is not truly reflective of the issue determined.

In *Kopczynski*, supra, the district court modified a six month period of revocation imposed upon licensee for violation of the implied consent law. The basis of the courts' judgment was a finding that the licensee would suffer an extreme hardship if revocation of his driving privileges extended for a period in excess of thirty days. We struck that part of the district courts' order which modified the Commissioner's order of revocation based upon our determination that the district court did not have the power to order the modification.

The correct result was reached in *Kopczynski*, supra, because at that time, hardship was not a statutory ground for modification. (As discussed in the majority opinion and later in this opinion, the 1975 Amendment to § 755 made a finding of hardship a permissible ground for modification).

The syllabus in *Kopczynski*, supra, gives the reader the impression that the district court had no authority to modify a revocation order under any grounds. It states:

"In an appeal under 47 O.S.1971 § 755, involving an order of revocation under 47 O.S.1971 § 753, a district court, after determining that revocation of the license or permit was justified, has no authority to modify the order by reducing the period of revocation to less than six months."

However, the only question before us concerned modification based on hardship.

It is my opinion that at the time *Kopczynski*, supra, was decided § 6–211 governed implied consent appeals just as it does at the present time. Further that in spite of language of the syllabus which appears to be to the contrary, § 6–211 provided and still provides for judicial modification of a revocation order under certain circumstances.

A syllabus by the Court must be interpreted with regard to the facts on which it was predicated and the questions which were presented to and considered by the Court. See *Eckels v. Traverse*, Okl., 362 P.2d 683 (1961); *WeGo Perforators v. Hilligoss*, Okl., 397 P.2d 113 (1964); and *Creswell v. Temple Milling Company*, Okl., 499 P.2d 421 (1972).

*Kopczynski*, supra, is therefore clearly distinguishable as the basis of that modification was different from that in the instant case which leads me to conclude that the syllabus is not binding here.

In the instant matter the trial court's judgment modifying Turner's revocation was based upon a statutory ground. Here, the trial court acted in full compliance with the provisions of § 6–211(e) by admitting evidence regarding Turner's entire driving record and finding upon that evidence that while the revocation order was justified, it was imposed for an excessive length of time.

An appeal to the district court pursuant to § 755 involving an order of revocation imposed under § 753 is unquestionably governed by the provisions of 47 O.S.1971, § 6–211.

Prior to the 1975 amendment, § 755 provided:

"If the revocation or denial is sustained, the person whose license or permit to drive or non resident operating privilege has been revoked or denied may file a petition for appeal in the county court in the manner provided in 47 O.S., section 6–211, and the proceedings upon said appeal shall be the proceedings prescribed by 47 O.S., section 6–211."

Title 47 O.S.1971, § 6–211 is a general statute granting a right of appeal from departmental orders of cancellation, suspension or revocation and placing original jurisdiction of such appeals in the district court of the petitioner's residence. Subsection (d) prescribes the time within

which a petition for appeal must be filed and a hearing held by the court.

Sub-section (e) provides that:

"Upon said hearing said court shall take testimony and examine into the facts and circumstances, including all of the records on file in the office of the Department of Public Safety [relating] to the offense committed and the driving record of said licensee, and determine from said facts, circumstances and records whether the petitioner is entitled to a license or shall be subject to the order of denial, cancellation, suspension or revocation issued by the Department.

*The court may also determine whether from such testimony of said licensee's previous driving record in the operation of motor vehicles, said order was for a longer period of time than such facts and circumstances warranted.* In case the court finds that said order was not justified, the court may sustain said appeal, vacate the order of the Department and direct said license restored to the petitioner. *The court may, in case it determines the order was justified, but that the period of the suspension was excessive, enter an order modifying the same."* (Emphasis added).

This Court recognized the mandatory application of § 6–211 to appeals from revocation orders arising from violations of the implied consent law in *Application of Baggett,* Okl., 531 P.2d 1011 (1974), wherein the fourth paragraph of the Court's syllabus states:

"An appeal from the sustaining of an order revoking a drivers license under the provisions of Oklahoma's Implied Consent Law is governed by the provisions of 47 O.S.1971 § 6–211."

As amended in 1975, Section 755 reads as follows:

§ 755 Appeal.—If the revocation or denial is sustained the person whose license or permit to drive or nonresident operating privilege has been revoked or denied may file a petition for appeal in the district court in the manner provided in 47 O.S., Section 6–211, and the proceedings upon said appeal shall be the proceedings prescribed by 47 O.S., Section 6–211. The district court may modify the revocation or denial in cases of extreme and unusual hardship to allow driving in the course of employment or to and from a place of employment.

Any such modification order shall state the specific times and circumstances under which driving is permitted.

Obviously the legislative direction for appeals from implied consent revocations to proceed under the provisions of § 6–211 was left intact.

This amendment merely renders nugatory our holding in *Kopczynski,* supra, and its progeny. It provides a statutory ground for judicial modification of revocation orders imposed by the Department for implied consent violations in addition to those grounds already provided by § 6–211(e).

If the Oklahoma Legislature had intended § 755 to be the exclusive basis for modification, as opposed to being cumulative to the provisions of § 6–211(e), they could have so provided.

For the above and foregoing reasons, I would affirm the judgment of the trial court.

I am authorized to state that Vice Chief Justice HODGES and Justice DOOLIN join with me in this dissent.