**In the Matter of the Revocation of the Driver's License of William Don PHELPS, Appellant.**

**No. 48970.**

Supreme Court of Oklahoma,

April 6, 1976.

---

Richard Vallejo, Oklahoma City, for appellant.

Don L. Ellis, Legal Intern, Oklahoma City, for appellee, Dept. of Public Safety.

SIMMS, Justice:

The driver's license of the appellant, William Don Phelps, was revoked for a period of six months by order of the Oklahoma Commissioner of Public Safety, dated May 25, 1975. This order was for appellant's refusal to submit to a test to determine alcoholic content of blood, pursuant to 47 O.S.1971, § 751 et seq., referred to as the Implied Consent Law. After notice, written request by appellant and hearing, as required by law, the commissioner sustained his order of revocation. On June 23, 1975, the District Court of Oklahoma County, on appeal, sustained said order, but provided that it be modified to permit appellant to drive between his home and his place of employment.

This appeal is from the district court order sustaining the revocation.

The essential facts, revealed by the testimony of an Oklahoma City Police Officer and the appellant, were as follows: The officer, while on routine patrol, at 11:50 P.M., March 28, 1975, observed the appellant stopped for a red signal light at an intersection in Oklahoma City. He followed the appellant who he said drove to the left of center of the roadway in violation of a city ordinance. The officer turned on his red lights, flasher and spotlights. When the appellant did not stop, the officer engaged his siren.

When the appellant stopped, the officer testified he noticed "a moderate to strong

odor of some alcoholic beverage on his breath" and that appellant was "extremely unsteady" on his feet and kept "swaying slightly." He also stated the appellant "had to lean up against his own vehicle for support" and that he walked at an extremely "wide gait."

The officer stated he then placed appellant under arrest, advised him of his constitutional rights, and made a "chemical test request" which is set out in full in his testimony showing the right to refuse and consequent loss of driver's license because of this refusal. The appellant refused to take the test and signed a refusal affidavit. The appellant was booked for driving under the influence and jailed. The officer testified that the appellant was "most definitely under the influence" and not capable of operating a motor vehicle. The appellant gave the officer no trouble.

The appellant testified he only had "two cans of beer" to drink that night. The appellant testified he is employed as a security night watchman at the Hightower Building in downtown Oklahoma City and attends Oklahoma State Technical School under the G.I. Bill. The appellant testified he had no previous driving under the influence offenses and this is not disputed.

Some question exists as to how far the appellant travelled before stopping after the officer's red light and siren went on. The officer testified to four blocks and the appellant testified to one-half block.

The alleged driving under the influence offense occurred on March 28, 1975. The issues involved in a driver's license revocation are set out in 47 O.S.1971, § 754, which statute reads in part on that date as follows:

"§ 754. Hearing after revocation of license—

* * * The hearing shall be recorded and its scope shall cover the issues of whether the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public highways, streets or turnpikes while under the influence of alcohol or intoxicating liquor,

whether the person was placed under arrest, whether he refused to submit to the test or tests, * * *"

Appellant here asks reversal of the trial court under two propositions. First, he states the State failed to sustain its required burden of proof on the issue of whether appellant was driving while under the influence, and second, he states the trial court did not give sufficient weight to 47 O.S.1971, § 6-211(e), particularly as it deals with a good previous driving record.

■ We have said the burden or the test in these revocation cases under the Implied Consent Law is the "preponderance of the evidence." *Application of Baggett*, Okl., 531 P.2d 1011 (1974). This does not mean the greater number of witnesses. Certainly in this type of case, it is not uncommon to have only the testimony of one Officer and the person arrested.

Here, there is a conflict in testimony on the question of whether the appellant was "under the influence". The evidence in favor of the appellant on the only issue before us is the appellant's testimony that he drank only two cans of beer that night; and he generally denied the officer's testimony.

The officer's testimony expresses his opinion that the appellant was definitely under the influence and not capable of operating a motor vehicle, but the officer's testimony does not stop there. He details the physical facts which he saw at that time indicating not only the observed evidence of the intoxication, but also the extent and effect thereof.

■ In each case of this type, the question of preponderance of the evidence must be determined by the total facts as revealed by the record. The appellant cites cases where revocations have not been upheld. In each of these cases, there were additional facts presented which supported the position of the party arrested. We have reviewed these cases, cited by appellant, and find them factually distinguishable from the present case.

■ Appellant's second proposition is wholly without merit by reason of the ma-

jority opinion of this Court in *Appeal of Turner,* Okl., 544 P.2d 1261, wherein it was held that the District Court, on appeal, was without authority to modify an order of suspension arising from the Implied Consent Law. However, the rule in *Turner, supra,* was modified by 47 O.S.Supp. 1975, § 755, which provides inter alia:

" * * * The district court may modify the revocation or denial in cases of extreme and unusual hardship to allow driving in the course of employment or to and from a place of employment. * * *."

The order entered by the district court in the instant case is totally within the authority of § 755 supra.

We have carefully reviewed the record in this case and are of the opinion that the trial court was justified in finding that a preponderance of the evidence showed that the appellant was driving under the influence of intoxicating liquor.

The judgment of the trial court sustaining the revocation is affirmed.

HODGES, V. C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.