**Eugene ABDOO, Appellee,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 73782.**

Court of Appeals of Oklahoma, Division No. 3.

Jan. 9, 1990.

As Corrected Jan. 23, 1990.

Rehearing Denied Feb. 27, 1990.

---

Robert T. Goolsby, Dept. of Public Safety, Oklahoma City, for appellant.

Carl W. Longmire, Longmire & McBride, Pryor, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant seeks review of the Trial Court's order reversing Appellant's order of revocation of Appellee's driver's license. In December, 1988, an officer of the Pryor Police Department arrested Appellee for operation of a motor vehicle while under the influence of alcohol. The officer transported Appellee to the local sheriff's office, where the officer advised Appellee of his rights, obligations and the ramifications of submission to or refusal of chemical testing for determination of blood alcohol concentration. Appellee submitted to a breathalyzer test, revealing a blood alcohol concentration of 0.17 grams/210 liters.

Appellant then issued its order of revocation, revoking Appellee's driver's license for a period of one year due to a prior alcohol-related suspension in 1986. See, 47 O.S.1988 Supp. § 6–205.1(a)(3). Appellee sought administrative review under 47 O.S. 1988 Supp. § 754, and the hearing officer sustained the one-year revocation.

Appellee then appealed to the District Court. At trial, Appellee apparently argued that the officer did not fully inform Appellee of the consequences of failure of the breath test, i.e., an enhanced one-year revocation under § 6–205.1(a)(3). Only the arresting officer testified, and stated that he read Appellee the implied consent test request contained in the Officer's Affidavit and Notice of Revocation, to which Appellee consented. That advisory provided in pertinent part:

6. You may refuse the State's test, but as consequence your driver's license will be revoked for a period of 180 days *or more* by the Department of Public Safety.

7. If you submit to the State's test and the result is 0.10 or more alcohol concen-

tration, your driver's license will be revoked for 90 days *or more* by the Department of Public Safety. (Emphasis added.)

The Trial Court took the matter under advisement, accepted briefs from the parties, and by order dated July 18, 1989, subsequently vacated the revocation of Appellee's license, finding:

[Appellee] was advised that he would lose his license for a shorter period if he takes the test and fails the test than if he refused the test. The [Appellant] has the obligation to completely and correctly advise the [Appellee] of his rights and consequences. This was not done and therefore the [Appellee] did not knowingly and voluntarily and with full awareness of the consequences consent to the test. Informed consent requires that the accused know what he is doing and the consequences of his actions.

From that order, Appellee brought the instant appeal by filing of its Petition in Error on August 14, 1989, and in its brief asserts that the only evidence introduced, the testimony of the arresting officer, showed that Appellee was completely and correctly advised of his rights and the consequences of refusal or submission to chemical testing under Oklahoma's implied consent laws. Appellee responds, asserting (1) that Appellant did not timely perfect the instant appeal, and (2) that the implied consent advisory given Appellee did not fully inform Appellee of the consequences of testing (the mandatory one-year revocation), and was therefore insufficient to enable Appellee to knowingly and voluntarily consent to testing in violation of the guarantees of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

■ As to Appellee's challenge to the timeliness of the filing of Appellant's petition in error, we find the appeal timely brought. While it is true that 47 O.S.1988 Supp. § 6–211(n) requires an appeal from the District Court's order in review of a license revocation to be brought within twenty (20) days of the Court order, Rule 1.15(b) allows prosecution of an appeal

from such an order "either within the time and in the manner provided by [§ 6–211] *or in accordance with [the Rules of Appellate Procedure]."* Rule 1.15(b), Rules of Appellate Procedure, 12 O.S.1985 Supp., Ch. 15, App. 2. (Emphasis added.) This provision grants to appealing parties "the option of prosecuting [the appeal] either in the manner prescribed by [§ 6–211], or in the manner prescribed by the rules adopted by this court." *Lewis v. Oklahoma Dept. of Public Safety,* 506 P.2d 1387, 1388 (Okl. 1972). But cf., *State, ex rel. Department of Public Safety v. Sampson,* 477 P.2d 71, 72–73 (Okl.1970) ("Civil appeal rules govern appeals brought under 47 O.S. § 6–211 except insofar as the rules may contravene any provision of a valid statute, in which instance the statute prevails.") The Rules of Appellate Procedure dictate that "[t]he petition in error shall be filed within thirty (30) days from the final judgment or final order." Rule 1.15(a). Because Appellant filed its petition in error within thirty days of the District Court's order under the Rules of Appellate Procedure, we find the appeal timely brought and address the merits of the Appellant's appeal.

■ Thus, the sole issue presented in this appeal concerns the sufficiency of the implied consent advisory given to Appellee. The Trial Court found that Appellee did not have sufficient information of his rights to "knowingly and voluntarily and with full awareness of the consequences consent to the test." We disagree with the Trial Court.

The required implied consent advisory and scope of review at the administrative appeal stage are prescribed by statute:

E. ... [The] scope [of administrative hearing] shall cover the issues of whether the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public roads ... while under the influence of alcohol, any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance, and whether the person was placed under arrest.

1. If the revocation or denial is based upon a breath or blood test result and a sworn report from a law enforcement officer, the scope of the hearing shall also cover the issues as to whether:

   a. the testing procedures used were in accordance with existent rules of the Board of Tests for Alcohol and Drug Influence;

   b. *the person was advised that his privilege to drive would be revoked or denied if the test result reflected an alcohol concentration of ten-hundredths (0.10) or more;*

   c. the test result in fact reflects such alcohol concentration; and

   d. the breath or blood specimen was obtained from the person within two (2) hours of his arrest.

2. If the revocation or denial is based upon the refusal of the person to submit to a breath or blood test, reflected by a sworn report by a law enforcement officer, the scope of the hearing shall also include:

   a. the person refused to submit to the test or tests, and

   b. *the person was informed that his privilege to drive would be revoked or denied if the person refused to submit to the test or tests.*

47 O.S.1988 Supp. § 754(E). (Emphasis added.)

The same standard of review applies in appeals to the District Court:

> The same findings must be made by the district court pursuant to § 754 as are made by the hearing examiner, even though the hearing before the district court is de novo.

*Smith v. State, ex rel. Dept. of Public Safety,* 680 P.2d 365, 368 (Okl.1984). See also, *Appeal of Dungan,* 681 P.2d 750, 752 (Okl.1984) (trial de novo in district court); accord, *Matter of Braddy,* 611 P.2d 235, 237–238 (Okl.1980).

█ Thus, the Oklahoma implied consent statutory scheme requires *only* that a person be informed that his or her driver's license may be revoked for failure or refusal of chemical testing for blood alcohol concentration, and we find the statutes impose no duty on Appellant to inform the person charged of the exact period of revocation which may or may not apply. To require arresting officers to first run a driver's license check on a person arrested for driving under the influence, and to subsequently review § 6–205.1 to determine what revocation *might* apply, in our view, places too heavy a burden on the arresting officer. As the Pennsylvania appellate court noted in *Commonwealth of Pennsylvania, Dept. of Trans., Bureau of Traffic Safety v. March,* 101 Pa.Commw. 171, 515 A.2d 661 (1986):

> ... The facts of this case indicate that the petitioner was accurately warned that his failure to submit to a test would result in a suspension of his driver's license. Because the police officer is not required to state the length of the suspension, we believe the officer's erroneous remark [concerning the length of suspension] is of no consequence.

In this case, the arresting officer testified that he informed Appellee that Appellee's driver's license would be revoked for ninety (90) days *or more* if Appellee failed the test, or for one-hundred eighty (180) days *or more* if Appellee refused the test. The advisory given, but for Appellee's previous alcohol related suspension within five years of the instant arrest, accurately set forth the requisite warnings of the Oklahoma Implied Consent statutory scheme, and as we have previously held, Oklahoma law imposes no obligation on arresting officers to inform arrested persons of the precise duration of suspension which might be imposed because of a previous record of alcohol-related suspensions. We therefore find the advisory given to Appellee warning Appellee that he faced a revocation of 90 days *or more* sufficient under the standard of review under § 754, and further find the implied consent advisory given to Appellee sufficient to permit Appellee to make a knowing and voluntary decision as to whether to refuse or submit to testing, not in violation of Appellee's constitutional rights. *Sartin v. State,* 617 P.2d 219 (Okl. Cr.1980) (no violation of Fifth Am. guarantees by requiring submission to blood test);

accord, *Billy v. State,* 602 P.2d 237 (Okl.Cr. 1979); *Ross v. State,* 556 P.2d 638 (Okl.Cr. 1976). *State v. Wood,* 576 P.2d 1181 (Okl. Cr.1978) (no violation of Fourth Am. by taking of blood where probable cause exists); see also, *Sartin v. State,* 617 P.2d at 221; *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

■ On appeal from orders of implied consent revocations, the appellate courts may not reverse or disturb the findings below unless the lower court's determinations are found to be erroneous as a matter of law or lacking sufficient evidentiary foundation. *Smith v. State, ex rel. Dept. of Public Safety,* 680 P.2d 365, 368 (Okl. 1984) (questions of fact); *State ex rel. Dept. of Highways v. Sharpensteen,* 538 P.2d 1044, 1046 (Okl.1975) (questions of fact); *State v. Moyers,* 86 Okl.Cr. 101, 189 P.2d 952 (1948) (errors of law). In the present case, Appellee did not testify, and there is no other evidence showing that

Appellee did not understand his rights, obligations, and/or the consequences of submission to or refusal of testing under Oklahoma's implied consent law. Therefore, and in light of our previous holding, the District Court's order finding the advisory given to Appellee insufficient is legally erroneous under Oklahoma statute, is further unsupported by the evidence adduced, and should be reversed.

The order of the Trial Court is REVERSED, and the order of revocation REINSTATED.

HANSEN, P.J., and HUNTER, V.C.J., concur.