**Donald L. FAULKNER, Appellant,**

v.

**STATE of Oklahoma, ex rel., DE-PARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 87248.**

Court of Appeals of Oklahoma,
Division No. 3.

May 28, 1996.

Certiorari Denied Oct. 2, 1996.

Stephen G. Fabian, Jr., Edmond, for Appellant.

Earl L. Reeves, Jr., Oklahoma City, for Appellee.

## OPINION

HANSEN, Presiding Judge:

Donald L. Faulkner appeals from an order of the district court sustaining revocation of his driver's license pursuant to 47 O.S.1991 § 753, for his refusal to take a blood alcohol test. Faulkner was stopped by a police officer who suspected Faulkner was driving under the influence of alcohol.

After stopping Faulkner for allegedly running a stop sign, the officer called in a back-up. That officer felt she had sufficient probable cause to arrest Faulker for DUI. After placing Faulkner under arrest the officer read him the implied consent warning, stating the test would be a breath/blood test and would be administered at no cost. The arresting officer testified that when asked if he would consent to the test, Faulkner replied "Please, just a minute. Give me a chance. Listen to me." The officer told him if he did not answer, it would be considered a refusal. Although Faulkner kept talking about his problems he never consented to the test.

The officer took him to the Oklahoma City Police Department and placed him in a hold-over cell. He originally consented to taking a breathalyser test. However, later, Faulkner told the officer he would take a blood test but not a breathalyser test. The officer told him he had to take a breathalyser test before the blood test. He refused. Nearly two hours after his arrest, after he had been returned to his cell, he reportedly said he would take the breath test. He was not given the test, and the Department of Public Safety, after an administrative hearing, revoked his license. He appealed to the district court which also found his license should be revoked based on his failure to agree to a breathalyser test. He appeals this ruling on

the sole basis he did not refuse the test. We affirm.

On appeal from orders of implied consent revocations, appellate courts may not reverse or disturb the findings below unless the lower court's determinations are found to be erroneous as a matter of law or lacking sufficient evidentiary foundation. *Abdoo v. State ex rel. Dept. of Public Safety,* 788 P.2d 1389 (Okla.App.1990). Faulkner appeals based on claims of erroneous findings of fact by the trial court. The trial court is the trier of facts, and it is within its province to determine the credibility of the witnesses and to decide the effect and weight to be given their testimony. These are not questions of law for the appellate court. *Snodgress v. State of Oklahoma ex rel., Department of Public Safety,* 551 P.2d 259 (Okla.1976).

The standard for determining the effectiveness of a subsequent consent after an initial refusal to take a blood test is set out in *Baldwin v. State ex rel., Department of Public Safety,* 849 P.2d 400 (Okla.1993). The first element requires that the assent must be made within a very short and reasonable time after the prior refusal. Even though Faulkner may have recanted his refusal, the evidence presented at court supports a finding his eventual agreement to take the test came too late for such a test to be valid. In addition, *Baldwin* requires that the subsequent consent must be made when the individual requesting the test has been in the custody of the arresting officer and under observation for the whole time since the arrest. That element is not met by the facts as stated at trial. Faulkner was alone in his cell, not under observation.

Accordingly, we find the evidence presented and the reasonable inferences to be drawn therefrom support the trial court's judgment. *Smith v. State of Oklahoma ex rel. Department of Public Safety,* 680 P.2d 365 (Okla. 1984).

AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.