2000 OK CIV APP 91

**Harvey A. CAPSTICK, Appellant,**

v.

**STATE of Oklahoma, ex rel. DE-PARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 94,015.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 20, 2000.

Robert V. Seacat, Seacat, Seacat & Seacat, Okmulgee, Oklahoma, for Appellant.

J. Robert Blakeburn, Department of Public Safety, Oklahoma City, Oklahoma, for Appellee.

REIF, Judge:

¶ 1 Licensee Harvey Capstick appeals the district court order that sustained the administrative revocation of his driver's license by the Department of Public Safety. Mr. Cap-

stick's license was revoked on the ground that he refused the breath test requested by the Bristow police officer who arrested him for DUI. Mr. Capstick admits that he refused the test when it was offered by the Creek County deputy sheriff who was called to operate the breathalyzer. Mr. Capstick has nonetheless contended both in the district court and here on appeal that he effectively recanted his refusal under *Baldwin v. State ex rel. Dept. of Public Safety*, 1993 OK 31, ¶ 15, 849 P.2d 400, 406.

¶ 2 In *Baldwin*, the supreme court of Oklahoma held that "a motorist has not refused the test mandated by the Implied Consent Law if the assent is timely and given unequivocally [after a previous refusal]." *Id*. The supreme court further adopted the five-element test for timeliness provided by the Supreme Court of Kansas in *Standish v. Department of Revenue*, 235 Kan. 900, 683 P.2d 1276, 1280 (1984). Under this test, to be effective, the subsequent consent must be made:

(1) within a very short and reasonable time after the first prior refusal;

(2) when a test administered upon the subsequent consent would still be accurate;

(3) when testing equipment is still readily available;

(4) when honoring the request will result in no substantial inconvenience or expense to the police; and

(5) when the individual requesting the test has been in the custody of the arresting officer and under observation for the whole time since arrest.

¶ 3 The Department of Public Safety maintains that Mr. Capstick failed to meet three of the five requirements established by the *Baldwin* case for an effective withdrawal of his refusal. The Department of Public Safety first argues that Mr. Capstick did not withdraw his refusal within a reasonable time under the circumstances. The Department points out that the deputy sheriff who was asked to administer the test went off-duty and had gone home by the time Mr. Capstick withdrew his refusal. The Department of Public Safety also cites the deputy's off-duty

status as indicating that his return to "overtime duty" would involve the type of inconvenience and expense that makes withdrawal of refusal ineffective. Lastly, the Department of Public Safety stresses that Mr. Capstick's own testimony indicates he was not in the custody and under the observation of the arresting officer the whole time since his arrest. There was no dispute that the arresting officer was the only Bristow police officer on duty and that he left Mr. Capstick in the custody of his dispatcher to answer a call between the refusal and the withdrawal of refusal.

¶ 4 The essence of Mr. Capstick's position here on appeal is that there was substantial compliance with the *Baldwin* factors. The gist of his position is that (1) the period of time between his initial refusal and the withdrawal of his refusal was not objectively an unreasonable period of time; (2) the deputy sheriff's return to "overtime" duty would not have involved "substantial" inconvenience or expense; and (3) his booking into jail within view of a dispatcher was sufficient observation. Mr. Capstick has basically invited this court to reweigh the evidence and substitute his view of the evidence for that of the trial court. We decline to do so for two reasons.

¶ 5 First, "[o]n appeal from orders of implied consent revocations, appellate courts may not reverse or disturb the findings below, unless the lower court's determinations are found to be erroneous as a matter of law or lacking sufficient evidentiary basis." *Faulkner v. State ex rel. Dept. of Public Safety*, 1996 OK CIV APP 66, ¶ 4, 925 P.2d 1230, 1231. "The trial court is the trier of the facts, and it is within its province to determine the credibility of the witnesses and to decide the effect and weight to be given their testimony." *Id*.

¶ 6 The record reflects that the trial court gave thoughtful and thorough consideration of the evidence, vis-à-vis, the five factors of the *Baldwin* test. The trial court herein expressly found "the State has established by a preponderance of the evidence that the reversal [of the refusal] was not within a short and reasonable time, that the reversal [of the refusal] would have resulted in a substantial inconvenience or expense to the

police and that the person was not under the observation during the entire time since arrest." These findings are supported by proper application of the law and substantial competent evidence. Factors such as a "reasonable time," "substantial inconvenience" and "sufficient observation" are best determined by the trier of the fact under the circumstances of each case and the resources available at the time of arrest and offer of the test.

¶ 7 In addition, the Kansas Supreme Court specially noted that the licensee in the *Standish* case "did not change his mind until the arresting officer had taken him ... to jail, and until some time after the officer had left the jail and returned to his other duties." 683 P.2d at 1280. Withdrawal of refusal under such circumstances does not meet the five-factor test and is "too late." *Id.* As the Kansas court stressed: "The arresting officer need not sit and wait for the person to change his or her mind." *Id.* This would apply with equal force to a breathalyzer operator whom the arresting officer has summoned from other duties to administer the test. The very case that established the five-factor test dictates that Mr. Capstick's withdrawal of refusal was untimely.

¶ 8 The trial court's judgment sustaining the administrative revocation of the license of Harvey A. Capstick is AFFIRMED.

¶ 9 GOODMAN, C.J., and STUBBLEFIELD, J., concur.