The STATE of Oklahoma, Appellant,

v.

Earl Vernon WOOD, Appellee.

No. O-77-101.

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1978.

Rehearing Denied March 23, 1978.

William Hall, Dist. Atty., L. Wayne Woodyard, Asst. Dist. Atty., Osage County, Pawhuska, for appellant.

George Briggs, Pawhuska, for appellee.

## OPINION

BRETT, Judge:

The State appeals on a reserved question of law, pursuant to 22 O.S.1971, § 1053(3). Appellee, Earl Vernon Wood, hereinafter referred to as defendant, was charged, tried and convicted of Assault and Battery With a Dangerous Weapon (automobile), in the District Court, Osage County, Case No. CRF–75–920. During the trial of said cause, defendant objected to the introduction of certain evidence, and said objection was sustained by the Honorable Don H. Hampton. From this order the State has perfected an appeal to this Court.

Defendant was charged with Assault and Battery With a Dangerous Weapon, in violation of 21 O.S.1971, § 645, as the result of his involvement in a two car automobile collision on October 18, 1975. To supply the necessary criminal intent the State alleged that defendant was driving while intoxicated. A blood test taken at a hospital shortly after the collision showed defendant's blood alcohol content to be 0.39%. Both parties stipulated at trial that at the time the blood test was taken defendant was unconscious and had not given consent.

The trial court ordered the blood test and its results suppressed. It is from this order that the State has appealed. The trial court made no findings of fact or conclusions of law, although its ruling was preceded by lengthy argument.

The blood test was taken by a doctor at a highway patrolman's request, pursuant to 47 O.S.Supp.1975, § 751, et seq., known as the "implied consent" statute. In Bailey v. City of Tulsa, Okl.Cr., 491 P.2d 316 (1971), this Court considered the constitutionality of this statute. The question was two-fold: first whether the giving of blood or breath for such a test was the "giving of evidence" within the meaning of Art. II, § 21, of the Oklahoma Constitution, which states in pertinent part, "No person shall be compelled to give evidence which will tend to incriminate him, . . ."; and, second, if giving blood is "giving evidence," then does the implied consent statute compel a person to give blood?

In answer to these questions, this Court held in Bailey that the giving of blood or breath was the giving of evidence within the meaning of Art. II, § 21; and, further, that the implied consent statute did not compel a person to give evidence against himself inasmuch as at the time a person was asked to take the test, the statute provided that he could refuse. Thus, taking the test under such circumstances, given the right of refusal, acts as a waiver of the right guaranteed by Art. II, § 21, of the Oklahoma State Constitution. This Court went on to state that a person who refuses to take the test has not waived his Art. II, § 21, right, and thus his refusal to take the test cannot be used as evidence against him.

In the present case the defendant was unconscious at the time the blood was taken, and thus was incapable of consenting or refusing to take the test. It is apparent that at the time there was no waiver of the right guaranteed by Art. II, § 21. Under Bailey then, it would appear that the trial

court was correct in ruling that the results of the blood test were inadmissible. However, this does not end our inquiry.

The statute we are dealing with is known as an "implied consent" statute, which probably all states have in one form or another. Ours, as most, states that any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to a chemical test of his blood or breath. Title 47 O.S. 1971, § 721. Section 753 provides that a person may refuse to take the test, and the question is thus raised, if a person can refuse to take the test then to what has he impliedly consented by driving on the public roads?

We are of the opinion, and so hold, that the implied consent statute is properly construed as meaning that a person driving on the public roads gives his implied consent to a blood test in the event that he is rendered unconscious as a result of an automobile collision, and the police have probable cause to believe that he was driving while intoxicated. However, in order to secure to such a person the same rights guaranteed to other drivers upon Oklahoma's highways, it is necessary that where a person has his blood drawn and tested pursuant to his implied consent he must be given the opportunity, when he regains consciousness, to revoke his consent. In such a case, evidence of the blood test and its result would not be admissible. However a person revoking his consent after he regains consciousness then becomes liable to suspension of his driver's license pursuant to 47 O.S.Supp.1975, § 753.

The decision we render here today, while not unprecedented, is novel. That this is so is evidenced by the course of this litigation. At preliminary hearing, the examining magistrate ordered the blood test suppressed. The State gave notice of its intent to appeal to the District Court, pursuant to 22 O.S.1971, Ch. 18, App., Rules of the Court of Criminal Appeals, Rule 6, and the preliminary was continued. Subsequently, the District Court reversed the magistrate and ordered the test admitted into evidence. At trial, the court once again excluded evidence of the blood test. We have concluded that under *Bailey v. State,* supra, the trial court was correct inasmuch as giving blood is "giving evidence" under Art. II, § 21, and defendant, being unconscious, was unable to waive the right. However, we express no opinion as to whether or not it would be proper at this time for another branch of the State government to attempt to suspend defendant's license, in view of his objection to the introduction of evidence of his blood test. Be that as it may, in all future cases having the same pertinent facts as this case, the following guidelines are established: (1) officers attempting to take blood or breath from an unconscious defendant must have probable cause to search, as required in *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and as required by 47 O.S.Supp.1975, § 751; (2) the person sought to be tested must be unconscious, or so near thereto as to be incapable of consent; (3) when the person regains consciousness, at some opportune time, he must be given an opportunity to revoke his consent to the taking of the blood test. This can be done at trial, preliminary, or prior to any hearing. However, the decision, once made, is binding. Thus, where the crime charged is a felony the decision would have to be made at preliminary hearing or prior thereto; (4) it is not necessary that the State provide defendant with the results of the test prior to his decision; (5) if the defendant has already been charged at the time he is asked to make his decision he is entitled to the assistance of counsel.

The State raises one other assignment of error which we decline to consider inasmuch as it was not properly preserved.

For the foregoing reasons the order of the trial court is *AFFIRMED,* subject in like future cases to the guidelines enunciated herein.

BUSSEY, P. J., not participating.

CORNISH, J., concurs.