**Mikel L. HOLT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–359.**

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1984.

Thomas W. Burns, Mook & Burns, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Mikel L. Holt was convicted in the Mayes County District Court, Case No. CRF–81–7, of three counts of Manslaughter in the First Degree in violation of 21 O.S.1981, § 711. He was sentenced to four years imprisonment for each count, said sentences to run concurrently.

Only a brief summary of the facts is necessary for the disposition of this case. In the early evening of December 20, 1980, a two car accident occurred killing three people. The appellant was driving a pickup that strayed across the center line and struck an oncoming car. As a result of the accident the appellant was rendered unconscious, and after he was transported to the hospital a blood alcohol test was administered while he was in this unconscious state. He was charged with manslaughter while engaged in the commission of two misdemeanors, the one involved in this appeal being driving under the influence of intoxicating liquor.

■ The appellant asserts that evidence of his blood alcohol level was improperly admitted because the State did not fully comply with the implied consent statute, 47 O.S.1981, § 751. The essence of the implied consent statute is that any person who operates a motor vehicle on the public highway is considered to have consented to a blood test to determine the presence of alcohol in his system should he be rendered unconscious as a result of an automobile collision. *State v. Wood*, 576 P.2d 1181 (Okl.Cr.1978). We held in *State v. Wood*, that once the person regains consciousness, he must be given the opportunity to revoke consent to the blood test. This privilege was extended to secure for the unconscious person the same rights guaranteed to the other drivers who are given the option under 47 O.S.1981, § 753 to refuse to submit to a breath or blood test.

■ The only issue presented in this appeal which merits reversal is whether the appellant was given an opportunity to revoke his consent to the blood test. A review of the record reveals that he was not. The State Trooper who investigated the accident and ordered the blood sample testified that 10 days after the accident he visited the appellant at the hospital. He questioned the appellant about the accident, informed him that he was being placed under arrest, and advised the appellant of his Miranda rights. The trooper then advised him as follows:

> You have been arrested for Driving, or being in Actual Physical Control of a Motor Vehicle under the influence of alcohol. You are requested to submit to a Chemical Test to determine the alcohol content of your blood. You have the choice of either a breath test which I am also qualified to administer, or a blood test which will be administered by a Licensed Medical Doctor, Orthopedic Physician or qualified Technician, Technologist or Registered Nurse, at no cost to you. If you desire a blood test in addition to your own test, you may at your expense arrange to have a qualified person of your own choosing administer the test providing the specimen is obtained at the same time as obtained by the Officer. You have the right to refuse the test, but as a consequence your drivers license shall be revoked for six months by the Department of Public Safety.

After reciting this to the appellant, who agreed to take a blood test, the trooper placed the previously taken blood samples in the drawer next to the appellant's bed without further explanation. When questioned at trial whether he had given the appellant a chance to revoke his implied consent to the previously administered test, the trooper testified, "No, I didn't ask him if he wanted to revoke it." This is in direct contravention of our holding in *State v. Wood*, and a denial of the appellant's right to equal protection of the laws.

The State argues that the appellant was adequately advised of his right to revoke consent to the previously administered test, but we cannot subscribe to that argument. The uninformed person, who hears his rights read in the tense in which the troop-

er read it, without further explanation, would be misled into thinking that he could consent to or refuse a yet to be administered test. The trooper did not clarify the law for the appellant by explaining that the test had already been administered and that under the law the appellant could revoke consent. Such an additional explanation would have been imperative to protect the appellant's right to equal protection of the laws.

This Court therefore finds that the appellant was never afforded a meaningful opportunity to revoke his implied consent, and no waiver of the right to revoke was given by the appellant. The judgment and sentence is REVERSED and REMANDED for a new trial not inconsistent with the views expressed herein.

PARKS, J., concurs.

BUSSEY, P.J., dissents.